## Leander Read

*v.*

## Mrs. Walker.

52 333
30a 128
52 333
102a ³321
52 333
206 ³116

1. PLEADING—*of the declaration—what sufficient averment of consideration.* Where, in an action of assumpsit for goods, wares and merchandize sold and delivered, the declaration averred that the plaintiff sold and delivered to the defendant goods, wares and merchandize, at her instance and request, amounting to a specified sum "which sum said defendant then and there promised to pay the said plaintiff for such goods, wares and merchandise:" *Held,* a sufficient averment of consideration.

2. SAME—*averment of time.* So an allegation in the declaration, that goods, wares and merchandize were sold and delivered at divers times between specified dates, where the transaction runs through a long space of time, is a sufficient averment of time, and, in such case, it is not necessary to aver that the transaction occurred on a single specified day.

3. SAME—*locus in quo—venue.* In transitory actions, it is only necessary to state a venue, and the county alone is a sufficient venue, without stating the city.

4. SAME—*demurrer.* On special demurrer, no objection to pleading, not specifically pointed out, will be considered.

APPEAL from the Superior Court of Chicago.

This was an action of assumpsit, brought by Leander Read against Mrs. Walker, to recover for certain goods alleged to have been sold to her. A special demurrer was filed by the defendant to the plaintiff's declaration, which was sustained, and judgment rendered on the demurrer in favor of the

defendant. To reverse this judgment, the plaintiff appealed. The special causes of demurrer assigned are set forth in the opinion.

Mr. GEORGE E. BELLOWS, for the appellant.

Messrs. RUNYAN & AVERY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee filed a special demurrer to appellant's declaration, which was sustained by the court, and judgment was rendered on the demurrer, which is assigned as error. The special cause of demurrer assigned is, that there is no sufficient consideration for the promise, averred in the declaration. The averment is, that appellant sold and delivered to appellee, at divers times between specified dates, goods, wares and merchandize, at her instance and request, amounting to a specified sum, " which sum said defendant then and there promised to pay the said plaintiff for such goods, wares and merchandize." This does not, in terms, aver that the promise was made in consideration of the indebtedness incurred in the purchase of the goods, but such is the necessary and manifest implication. The language employed will leave no other reasonable construction. We do not understand that a declaration, to be good in form, must copy the precise language of approved precedents. In assumpsit, the declaration must express a consideration, and a promise based on that consideration, and we think, although unskillfully drawn, that this averment does state a consideration, and a promise based thereon, in such a manner as to be sufficient.

It is next assigned as special cause of demurrer, that there is not sufficient certainty of time averred in the declaration. The averment is, " between the first day of March, 1864, and the third day of July, 1864," appellee sold and delivered the

goods. It is said there should, in general, be a distinct averment of time to every material fact. 1 Chit. Pl. 259. But we are aware of no rule which requires that the averment of a transaction running through a long space of time should be stated to have occurred on a single specified day. It would be singular if the law should require a party to state his case falsely. On the contrary, one of the elementary rules of pleading, as well as morals, requires the party to aver his cause of action or defense truly. In this case, then, if it is true that the goods were purchased between the dates named, no objection is perceived to permitting the averment to be so made.

In trespass, it is usual, when there have been repeated wrongful acts, to lay them between different days, and this is because the parties may aver the truth. But in such cases, the party is confined to acts within the specified period. The plaintiff, by such an averment, narrows his case, and of that the defendant should not be permitted to complain.

The third special ground of demurrer is, that the *locus in quo* is not properly set forth. We are unable to perceive any ground for this objection. This is a transitory action, and only requires that a venue be stated, and the venue is given, as the city of Chicago and county of Cook. This is sufficient, and more than sufficient, as the county alone would have been a sufficient venue. The ancient rules of pleading in local actions, requiring the *locus in quo,* so far as our knowledge extends, have never been applied to assumpsit, or other transitory actions. The declaration is sufficient in substance, as it states all the essential grounds for a recovery. In fact, no ground for sustaining a general demurrer is urged in argument.

The other formal objections urged on the argument are not set down in the demurrer, and hence can not be considered, although they would, perhaps, have been availing had they been specifically pointed out in the demurrer. While the declaration is not artistically drawn, and is, in several respects, a departure from approved precedents, still the special grounds

set down in the demurrer fail to reach them. We must say that it is a matter of surprise that counsel did not remove the objections by amendments, that could have been so readily made without delay or expense to the parties litigant, and thus have reached the merits of the case, and especially where the decision of the questions involved settle no principle or answer any good end. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*