**North Chicago St. R. R. Co. v. Henry Hoffart, by his Next Friend.**

1. Negligence—*A Question of Fact.*—The question of negligence is one of fact for the jury.
2. Verdicts—*The Result of Passion and Prejudice.*—A judgment based upon a verdict rendered by a jury improperly influenced by motives of prejudice, passion or sympathy, or a verdict the result of a misconception of the evidence, will be reversed.
3. Same—*Errors not Cured by a Remittitur.*—To hold that a remittitur cures all the defects in a verdict manifestly the result of improper motives or influence, is to substitute, in effect, the opinion of the trial court and of this court for the verdict of the jury.

**Action in Case**, for personal injuries. Trial in the Superior Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed May 8, 1899.

Egbert Jamieson and John A. Rose, attorneys for appellant.

We submit that a verdict so grossly excessive that seven-ninths must be remitted must be the product of prejudice or passion, and that the portion remaining is vitiated as well as the portion remitted. Ill. Cent. R. R. Co. v. Ebert, 74 Ill. 399; Loewenthal v. Streng, 90 Ill. 74; C. & N. W. Ry. Co. v. Cummings, 20 Ill. App. 333; West Chicago St. R. R. Co. v. Johnson, 69 Ill. App. 147.

Hofheimer & Pflaum, attorneys for appellee, contended that the courts have sustained verdicts for larger amounts where the injuries were not so severe. In Lake Shore &

Michigan Southern R. R. Co. v. Hundt, 41 Ill. App. 220, this court held $7,500 was not excessive for the loss of three fingers.   In North Chicago Street R. R. Co. v. Broms, 62 Ill. App. 127, this court held $3,500 was not excessive where the evidence shows the tip of plaintiff's thumb was cut off.

In Ill. Central R. R. Co. v. Cole, 62 Ill. App. 480, this court held that $5,000 was not excessive for an injury to a healthy man, forty-one years of age, a railroad engineer, which consisted of a scalp wound five inches long, a varicose condition of the veins of one leg and pain in the back.   This, although he was disabled only four months, and has since regularly pursued his same employment, with no loss of wages.   In Illinois Central R. R. Co. v. Harris, 63 Ill App. 172, this court held $8,000 not excessive for the loss of a hand.   In Chicago City R. R. Co. Wilcox, 33 Ill. App. 450, this court held $15,000 not excessive for the loss of a leg of a boy six years old.   In Pennsylvania Co. v. Backes, 35 Ill. App. 375, this court held $6,000 not excessive for the loss of an arm.   In Chicago & Alton R. R. Co. v. Fisher, 38 Ill. App. 33, this court held $16,000 not excessive where the evidence showed that the lower portion of one limb was partially paralyzed and that he was lame.   In the case of the North Chicago Street R. R. Co. v. Eldridge, 51 Ill. App. 430, this court, in sustaining a judgment for $10,000 after a remittitur of $3,500, said:

"It is well settled, both in this court and in the Supreme Court, that judgments in case of this character will not be disturbed on the ground that the damages are excessive unless it is manifest that the verdict was against the evidence and is attributed to passion and prejudice on the part of the jury."

MR. PRESIDING JUSTICE WINDES, delivered the opinion of the court.

July 10, 1895, appellee, who was then two years and five months old, was run over by appellant's electric motor car at North avenue and Mohawk street, which resulted in the amputation of the third and fourth fingers of his right hand, and his left leg was so badly injured that he was con-

fined to his bed three months, and thereafter until about the middle of December, after the accident, this leg had to be supported by a wooden frame. At the time of the trial in April, 1898, he could walk, as his mother testified, "All right, but a little bit lame on the left foot." A trial before the court and a jury resulted in a verdict of $9,000 for appellee, from which there was a remittitur of $7,000, and a judgment for $2,000. The negligence alleged was that appellant, by its servants, "improperly and negligently drove and managed" the car which caused the injury.

The evidence as to appellant's negligence is conflicting, but sufficient, in our opinion, to justify the submission of the case to the jury. The details given by the various witnesses need not be stated nor discussed. Some of appellee's evidence tends to show that appellee, who was no more than a toddling babe, started across the street in plain view of the motorman, the car going slowly—one of the witnesses says, at the usual rate of speed—from fifty to one hundred feet away and crossed the tracks on which the car was within ten feet of the moving car, and when three or four feet past the tracks he turned back and was then run down by the car, and that by the exercise of ordinary care on the part of appellant's motorman the accident might have been avoided. This evidence is to some extent corroborated by some testimony on behalf of appellant. The motorman testified that he saw the child when it left the curb, and that it ran in front of his car, crossed the track and then turned back. This being in evidence there was no error in the court's refusing to instruct a verdict for appellant. On this point we do not regard the case of Rack v. Chicago City Ry. Co., 173 Ill. 289, relied upon by appellant, as conclusive or as directly applicable to the facts of the case at bar.

In the case of Chicago W. Div. Ry. Co. v. Ryan, 131 Ill. 474-9, which is analogous in its facts to the case at bar, as to the negligence of appellant, it was held that the question of negligence was one of fact for the jury.

Nor can we say, from a careful examination of the evidence, that the verdict on this question is manifestly against

the evidence. We do not discuss it in this respect, as there may be another trial. In view of the injuries to appellee, the amount of the verdict and the remittitur made, we can reach no other conclusion than that the jury were improperly influenced by motives of prejudice, passion or sympathy, or that there was misconception of the evidence on their part, or that the verdict was the result of all these combined. The remittitur does not cure the verdict and make it a support · for the judgment. To so hold would, in our opinion, be to substitute, in effect, the opinion of the learned trial judge and our opinion for the verdict of the jury. This we can not legally and rightfully do in a case where the verdict is so manifestly the result of improper motives or influence as this one 'is. C. & E. R. R. Co. v. Binkopski, 72 Ill. App. 22, and cases there cited; C. & E. I. R. R. Co. v. Cleminger. 77 Id. 186; Loewenthal v. Strong, 90 Ill. 74.

The judgment is reversed, and the cause remanded.