## Cicero & Proviso St. Ry. Co. v. Mattie Brown.

1. CAUSE OF ACTION—*In Personal Injury Cases.*—In personal injury cases the cause of action is the act or thing done, or omitted to be done, by the one which confers the right upon the other to sue; in other words, the act or wrong of defendant toward the plaintiff which causes a grievance for which the law gives a remedy.

2. STATUTE OF LIMITATIONS—*Demurrer to Plea of, Properly Sustained.*—Where the original declaration states a good cause of action, and the additional counts, to which pleas of the statute of limitations are interposed, are but a re-statement, in different form, of the same cause of action set up in the original declaration, the demurrer to the pleas of the statute is properly sustained.

3. DAMAGES—*For Future Suffering.*—It is proper for the jury to consider the future suffering which they may believe from the evidence the plaintiff will sustain by reason of her injuries, so far as the same is claimed and alleged in the declaration.

4. REMITTITUR—*Where it will Cure the Verdict.*—Where there is no error in the procedure, and the evidence supports the verdict for the larger part of the amount awarded, and it can not be said that the amount of the verdict itself indicates an improper motive on the part of the jury, a remittitur cures the verdict.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed May 21, 1900.

Statement by the Court.—Appellee, a colored woman, was injured May 21, 1893, while a passenger upon one of appellant's electric cars, in attempting to alight therefrom near Fiftieth and Lake streets, in Chicago, brought suit to recover for her injuries, a trial of which before the the Superior Court and a jury in January, 1899, resulted in a verdict of $9,000 in her favor, upon which, after a remittitur of $6,000, the court rendered a judgment for $3,000, from which this appeal is taken.

The original declaration, which was filed October 19, 1893, after alleging the relation of carrier and passenger, avers, in substance, that appellant operated its railroad along the streets and highways of the city of Chicago, in

Cook county; that while one of its cars was going east near the intersection of Fifty-second street with defendant's railway, plaintiff, a passenger on the car, requested the conductor to stop the car at Fifty-second street so that she might alight; that the car did stop at Fifty-second street, but before plaintiff, in the exercise of all due diligence, could alight from said car, the conductor suddenly rang the bell and started the car, so that she could not alight in safety; that the conductor then and there, without any cause or provocation, fell to cursing, abusing, swearing at and insulting plaintiff in the presence of a large crowd of people, and so continued to do until the car arrived at Fiftieth street, when it was slacked up or stopped, and the conductor in a rude, angry, profane, obscene and insulting manner ordered plaintiff, in the presence of a large crowd of people, to get off the car, and while plaintiff, with all due care and caution was getting off the car, defendant carelessly, negligently and wantonly suddenly started the car, whereby plaintiff was thrown off the car upon the ground, with great force and violence, and thus injured.

To this declaration a general demurrer was interposed, and thereafter, on May 12, 1896, an amended declaration was filed, to which a general and special demurrer was interposed, and thereafter sustained by the court. May 31, 1898, another amended declaration was filed, composed of two counts, in substance the same as the original declaration except that the line of appellant's railway is stated to be on Chicago avenue, in said city, and in the second count it is alleged that plaintiff signaled the car to stop at Willow avenue instead of Fifty-second street, as alleged in the original declaration and in the first count of this amended declaration. To this last amended declaration a plea of the general issue was interposed, a jury was impaneled January 24, 1899, and the trial proceeded until January 27, 1899, when, by leave of the court, plaintiff filed two additional counts to her declaration instanter, to which defendant was required to plead instanter. The first of these additional counts is substantially the same as the original declaration

except that the line of the railway is alleged to be upon Lake street, in Chicago, that plaintiff requested the conductor, when near Willow avenue and Lake street, to stop the car at Willow avenue, pursuant to which request the car was stopped at Fifty-second street, though not a sufficient time to allow plaintiff to alight in safety; that it then proceeded until at or near Fifty-first street, where it stopped, and while plaintiff was attempting to alight the conductor carelessly and negligently suddenly started the car with a violent jerk, by means of which plaintiff was thrown off the car and injured. The second additional count is in substance the same as the first, except it alleges the place of injury at or near Fiftieth street, and that the conductor willfully and wantonly started the car with a violent jerk. To these two additional counts defendant interposed the plea of general issue and two pleas of the statute of limitations, in the first of which latter pleas it was alleged that the causes of action set up in these counts did not, nor did any or either of them, accrue to the plaintiff within two years next before the commencement of the suit, etc., and in the second of which pleas it was alleged that the causes of action set up in the additional counts did not, nor did any or either of them, accrue to the plaintiff within two years next before the filing of said counts, etc. The court sustained a demurrer to the pleas of the statute of limitations. Thereafter, on January 28, 1899, the verdict was rendered. At the close of the plaintiff's evidence, and also at the close of all the evidence, the court was requested to instruct the jury to direct a verdict of not guilty, which requests were denied by the court.

CLARENCE KNIGHT and WILLIAM G. ADAMS, attorneys for appellant.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

For appellant, it is claimed that the court erred in sustaining the demurrer to the pleas of the statute of limita-

tions; in failing to give to the jury instruction No. 17 requested by appellant and marked "Given;" in giving appellee's third instruction; and in refusing numerous instructions requested by appellant; and that the verdict was so excessive as to show such passion and prejudice on the part of the jury as to vitiate the verdict.

For the purpose of considering the question raised as to the statute of limitations, we need only consider the original declaration and the two additional counts filed during the progress of the trial. The amended declaration, filed May 16, 1896, is out of the case, a demurrer thereto having been sustained, and the amended declaration filed May 31, 1898, was withdrawn by the plaintiff after filing the said additional counts.

The original declaration alleges that appellant's railway was operated along the streets and highways of the city of Chicago, in Cook county, without specifying any particular street or highway, and that while plaintiff was a passenger on one of its cars, the accident happened, while she was going east at a point near the intersection of said railway and Fiftieth street. The first additional count, to which the pleas of the statute of limitations were interposed, alleges, in substance, the same matters as the original declaration, except that the place of the accident was at or near Fifty-first street and Lake street, while the car was going in an easterly direction on Lake street, and the second additional count has like allegations to those in the original declaration, except that it alleges the place of accident to have been at or near Fiftieth street and Lake street, while the car was going in an easterly direction. Under the original declaration, proof that the accident happened at the intersection of Lake street and Fiftieth street would have sustained the declaration, and the same proof would sustain the allegations in this regard of either of the additional counts. Certainly it sustains the second additional count. At most this proof could only amount to a variance from the allegation of the first additional count, and not a failure to prove the substance of the cause of action stated in

the declaration. In actions of this class the cause of action is "the act or thing done, or omitted to be done, by the one which confers the right upon another to sue; in other words, the act or wrong of defendant toward the plaintiff which causes a grievance for which the law gives a remedy." Swift v. Madden, 165 Ill. 41; R. R. Co. v. Campbell, 170 Ill. 163.

The claim of appellant that no cause of action was stated in the original declaration, and therefore that the additional counts, under the case of Eylenfeldt v. Ill. Steel Co., 165 Ill. 185, could not be said to be a restatement of what before had not been stated, is not, in our opinion, tenable. As seen by the statement preceding this opinion, the original declaration states a good cause of action, and the additional counts, to which the pleas of the statute of limitations were interposed, are but a restatement, in different form, of the same cause of action set up in the original declaration, and this being so, the demurrer to the pleas of the statute of limitations was properly sustained. R. R. Co. v. Gillison, 173 Ill. 264–8; R. R. Co. v. Souders, 178 Ill. 585; R. R. Co. v. Leach, 182 Ill. 359; Griffin Wheel Co. v. Markus, 180 Ill. 393.

Instruction No. 17, which was requested by appellant, and marked given, for some reason, unexplained by the record, did not go to the jury. The instruction was proper, but we are of opinion that the fact that it did not get to the jury is not reversible error. Its substance is covered by other instructions, Nos. 2, 7, 13 and 16, given for appellant.

The third instruction given for appellee is criticised because it is claimed that it allows the jury to consider as an element of damage future suffering, not necessarily or directly resulting from physical pain by reason of her injuries, and to allow appellee for loss of time and inability to work on account of her injuries. This instruction is not, in our opinion, subject to criticism in either of the respects mentioned. The future suffering which the jury is allowed to consider, is that which they may believe from the evidence the plaintiff had sustained or would sustain

by reason of her injuries, so far as the same is claimed and alleged in the declaration. In this respect we think the instruction was proper. R. R. Co. v. Martin, 111 Ill. 219; R. R. Co. v. Taylor, 170 Ill. 49; R. R. Co. v. Johnson, 180 Ill. 286.

The fact that appellee's earnings and rate of wages were not proven, we think is immaterial, so far as respects her loss of time and inability to work. The evidence shows that prior to the injury she made her living by washing and ironing, and was a reasonably strong and healthy woman, and pursued this calling for years before her injury. After her injury, the evidence shows that she was unable to work and lost considerable time by reason of the injury, and we think, considering this evidence, the instruction was proper, as it relates to her loss of time and inability to work. No other criticism is made of this instruction.

There was no error in refusing the twentieth instruction requested by appellant. It tells the jury that there was no evidence tending to show injury to plaintiff's eyesight by reason of the accident. The instruction is covered by instruction No. 12, given for appellant, in which the jury are told that every item and element of damage claimed by the plaintiff must be shown by a preponderance of the evidence before it can be allowed. The twenty-first instruction was also properly refused for the same reason. It contains a like direction as to drugs, care, attention, etc. This latter instruction was also properly refused because the evidence shows that a Dr. Newell visited plaintiff three or four times and treated her for her injuries; that she had not paid him anything, and that he considered that she owed him $10 or $15, which he said was a fair compensation. We think the doctor would be entitled to recover from her a reasonable charge for his services, and that the jury could properly consider his evidence, which by the instruction was taken from them by the court.

Appellant's instruction No. 24 is substantially covered by its instructions Nos. 3 and 5. Its instruction No. 26 is argumentative, and the substance of it is covered by instruc-

tions 8 and 10, given. Instructions numbered 28 and 34, refused, are, in substance, covered either wholly or in part by instructions numbered 6, 8, 10, 11, 13, 14 and 16, given. We are therefore of opinion that each of those refused instructions was properly refused. No other error in rulings or instructions is claimed.

The claim of appellant that the verdict was so excessive as to show passion and prejudice on the part of the jury, and that it is not cured by the remittitur, is not, in our opinion, tenable under the facts shown in this record.

The evidence is very voluminous, and to set out even the substance of it would unduly extend this opinion. We have considered it with great care, and think that there is sufficient evidence in the record of actual damage by reason of her injuries to justify the amount of the judgment as finally rendered by the court after the remittitur.

The evidence shows that appellee, just prior to the time of her injury, was a hale, hearty, healthy and strong woman, and had never had anything the matter with her prior to her injury, except a cataract on one of her eyes, for which there had been an operation in 1891; that she made her living by washing and ironing and taking boarders, had good use of her limbs, and led an active and industrious life at her calling. That she was quite seriously hurt and bruised by her fall from the car and suffered considerable pain immediately following the accident, is clearly established by the evidence. Appellee testifies that she remained in bed two weeks, and that during that time she "felt all pain and miserable—the pains were in my head, back, side, hip and shoulder, and those pains in my head, back and side continued from that night down to the present time;" that since the injury she had not done any washing; went about slowly because she could not go any other way; that she felt miserable—painful, had pains in her back and side, her hip and shoulder and swimming in the head, and that since the injury her sleep had not been very good; that she had "kind of drawing round my waist and numbness of my arms; my whole side." She also said that prior to the

Cicero & Proviso St. Ry. Co. v. Brown.

accident she did washing and ironing every day, did it with ease, and she had no trouble in getting around to do her work, but that since the injury she had tried to work but could not—always had to give it up.

The evidence of Dr. Newell, who attended appellee immediately after her injuries, corroborates her as to their nature at that time, and his evidence tends to show, by way of opinion based upon the plaintiff's testimony as to her condition from the time he ceased to treat her, soon after the accident, up to the time of the trial, that her condition was due to the injury; that the conditions he found at the time he treated her might have resulted in myelitis or inflammation of the spinal cord.   There is evidence, also, of several other witnesses, neighbors, friends and relatives of the plaintiff, which corroborate her evidence as to her condition from time to time from the date of the injury up to the trial, and as to her inability to work.

The evidence of Dr. Clevinger, a physician of wide experience in nervous and mental diseases, basing his opinion upon the testimony of plaintiff as to her condition, symptoms and sensations from the time of the injury up to the trial, is to the effect that they resulted from the injury and from the fact that they had lasted so many years they indicated permanency.   He also says that said conditions are known as traumatic neurasthenia, which means injury to the nervous system—a nervous condition, produced by injury.

There was considerable evidence on behalf of appellant as to the nature and extent of appellee's injuries, which, to a considerable degree, conflicts with what was offered in behalf of appellee, but when the whole is considered, we think the amount of the judgment is amply warranted by the evidence.

The case seems to have been very carefully and fairly tried, and the only complaint made by appellant's counsel that there was not a fair trial, is as to the language used by appellee's counsel in his opening argument to the jury.   The complaint is as to line of argument of counsel, that the con-

ductor was an interested witness. The evidence in the record tends to show that he was an interested witness, and justified this line of argument, and the objection was without basis, in our opinion.

The evidence on behalf of appellee shows that the conductor of appellant, immediately before the accident and while appellee was proceeding to leave the car, used toward her, in the presence of a large number of passengers, profane, abusive and insulting language, without any provocation whatever beyond the fact that plaintiff complained to him because he did not permit her to leave the car at the place she desired. This evidence is denied by the conductor, and he is corroborated by other witnesses, but we think the evidence is such, when all considered, as justified the jury in allowing the plaintiff exemplary or vindictive damages because of the abusive and insulting language of the conductor toward her.

No instruction was given to the jury telling them that they should not allow vindictive or exemplary damages, and under the instructions given on behalf of appellee, the jury were told that in determining the amount of their verdict they could take into consideration all the facts and circumstances proven by the evidence, and award to plaintiff a fair compensation for the injuries she had sustained or would sustain. Under this instruction the jury might well have felt at liberty to give damages by way of punishment, and that fact, no doubt, accounts for the amount of the verdict. We are inclined to the view that the jury might properly have been instructed, under the evidence, that they were at liberty to award plaintiff vindictive or exemplary damages, in which event we think a much larger judgment could not be said to have lacked support from the evidence. For these reasons we are not prepared to hold that the original verdict was so far induced by the passion or prejudice of the jury as to vitiate it, and therefore that the cases cited by counsel, among others, viz., R. R. Co. v. Binkopski, 72 Ill. App. 22, Pa. Co. v. Greso, 79 Ill. App. 127, and R. R. Co. v. Hoffart, 82 Ill. App. 539, are not applicable here.

In the case of R..R. Co. v. Cleminger, 77 Ill. App. 190, it was held that when there is no error in procedure, the evidence supports the verdict for the larger part of the amount awarded, and it can not be said that the amount of the verdict itself indicates an improper motive on the part of the jury, a remittitur cured the verdict. So here, the same conditions apply, and we regard the remittitur such as cures the verdict.

Having given consideration to all the arguments of appellant's counsel as to each of their contentions, not specially referred to, and being of opinion that the record presents no reversible error, the judgment is affirmed.