## THE CHICAGO CITY RAILWAY COMPANY

*v.*

## JOSEPH E. McMEEN.

*Opinion filed December 16, 1903.*

1. APPEALS AND ERRORS—*when an error in overruling demurrer is harmless.* Error in overruling a demurrer to one of two replications is harmless, where, even if the demurrer had been sustained, the trial court could have proceeded on the issue formed by the other replication and no different result would have followed.

2. PLEADING—*when allegation in plea is a legal conclusion.* An allegation that the cause of action did not accrue "within two years next before the commencement of the suit, *to-wit, the filing of the declaration as amended,*" is, as to the latter clause, a legal conclusion, and replication that the action did accrue "within two years next before the commencement of this suit," does not present the issue whether the amendment was filed within the two years.

3. SAME—*when replication raises an issue of law and fact.* If a plea avers the cause of action did not accrue "within two years next before the commencement of this suit, to-wit, the filing of the declaration as amended," replication that the action did accrue within two years next before commencement of suit presents an issue of fact for the jury as to when the injury occurred and an issue of law for the court as to when the suit was commenced.

4. SAME—*amendment re-stating same cause of action does not begin a new suit.* Where an amendment to a declaration re-states, in different form, the same cause of action set up in the original declaration, the suit is commenced at the time the original summons was issued, and the time of filing the amendment relates back to the date of the summons.

5. SAME—*allegation describing place of injury is unnecessary.* If the venue of an action for personal injury is laid in the proper county it is unnecessary to allege with particularity the place where the injury occurred, although, if particularly alleged, the allegation must be proved as laid to avoid a variance.

6. SAME—*particular place where an injury occurred not an element of the cause of action.* An amendment to a declaration in a personal injury case, which alleges that the place of the injury was on a different street from the one named in the original declaration, does not state a new cause of action, so as to be· open to a plea of the two year Statute of Limitations. (*Wabash Western Railroad Co. v. Friedman,* 146 Ill. 583, distinguished.)

*Chicago City Railway Co.* v. *McMeen,* 102 Ill. App. 318, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

WILLIAM J. HYNES, EDWARD C. HIGGINS, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

GRAHAM H. HARRIS, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was an action on the case, begun on the 6th of January, 1892, by appellee, McMeen, against appellant, the Chicago City Railway Company, to recover damages for personal injuries alleged to have been received by him on the 28th day of September, 1891, while a passenger on a street car belonging to and operated by appellant.

The original declaration alleged that the defendant "was possessed of, using and operating a certain street railroad extending through the said city of Chicago, from the corner of State and Lake streets, in the said city, and southward along the said State street to Sixty-seventh street and beyond, in the county aforesaid; * * * that at the said corner of State and Lake streets aforesaid, on the day aforesaid, he then became a passenger on a certain train of the defendant on the said railroad then and there running on said State street, to be carried as said passenger, and was then and there accordingly carried on the said train from thence southward to a point in the block between Thirty-eighth and Thirty-ninth streets, on said street aforesaid, for a certain reward to the said defendant; * * * that while the said train upon which plaintiff was a passenger was standing in the middle of the block aforesaid, on the day aforesaid, and while the plaintiff, with all due care and diligence, was seated in the said car on the said train waiting for

the same to be moved forward, the defendant then and there carelessly and negligently so managed and controlled a certain other one of its trains running on the track in the rear of the one upon which the plaintiff was a passenger, that the same ran into the rear end of and struck the standing car in which the plaintiff was seated, with great force and violence, and thereby the plaintiff was then and there thrown with great violence and force from off the seat upon which he was seated, upon the seat in front of him," and thereby received the injuries of which he complains. To this declaration the defendant filed the plea of general issue.

October 1, 1896, more than two years after the action accrued, the plaintiff filed an amendment to the declaration. The declaration, as amended, charged that the plaintiff was a passenger on the Cottage Grove avenue line, and the place of the accident and injury between Thirty-eighth and Thirty-ninth streets, on Cottage Grove avenue. These amendments were made by striking out the portions of the original declaration which referred to State street and substituting clauses which fixed the line as the Cottage Grove avenue line, and the place at which the accident happened, on Cottage Grove avenue between Thirty-eighth and Thirty-ninth streets. In other respects the original declaration was not altered. To the amended declaration the defendant filed the general issue and also a plea of the Statute of Limitations. To the plea of the Statute of Limitations plaintiff filed two replications, the first of which tendered issue upon the allegation of the plea that the cause of action therein mentioned did not accrue to the plaintiff at any time within two years next before the commencement of this suit; and the second alleged that the plaintiff ought not to be barred from maintaining his suit upon the declaration as amended, "because, he says, that the said several causes of action, and each and every of them, in the said amended declaration mentioned, are the same causes of

action, and no other, than the said causes of action in the original declaration mentioned; and this the plaintiff prays may be inquired of by the country." This conclusion to the country was amended by leave of court by substitution of a verification. To this second replication the defendant filed a demurrer, which was overruled. Defendant abode by its demurrer. The case was tried on the issues presented by these pleadings, and a verdict and judgment were rendered against defendant for $1000. At the close of the plaintiff's evidence, and at the close of all the evidence, defendant offered an instruction directing a verdict in its behalf, but the court refused the instruction. From this judgment an appeal was prosecuted to the Appellate Court, where the judgment has been affirmed. The present appeal is prosecuted from the judgment of affirmance so entered by the Appellate Court.

The appellant argues, first, that the second replication, as amended, containing no averment of fact, was bad, and the demurrer thereto should have been sustained; and second, that the declaration, as amended, was, in legal effect, the commencement of the suit, because it introduced a new and distinct cause of action from that in the original declaration, and therefore, the Statute of Limitations having run before the amendment was filed, this suit is barred.

It is not necessary to determine whether there was error in overruling the demurrer to the second replication, for, granting that there was error, the record shows that it resulted in no injury to this appellant. If the court had sustained the demurrer the trial could have proceeded on the issue formed by the first replication to the plea, and no different result would have ensued. This will appear more clearly after stating the pleadings. The plaintiff filed an amended declaration, to which the defendant filed the general issue and also a plea of the Statute of Limitations, in which it was averred that

the cause of action mentioned in the declaration did not "accrue to the plaintiff within two years next before the commencement of this suit, to-wit, the filing of said declaration as amended." The first replication filed by the plaintiff then averred that the action "did accrue to him within two years next before the commencement of this suit." By this pleading issue was joined on the question whether the action accrued within two years next before the commencement of this suit. That issue was a mixed question of law and fact. It was for the jury to determine when the injury occurred and for the court to determine whether the suit was commenced at the time the summons issued or at the time the amendment to the declaration was filed. The jury found that the injury occurred on the 28th of September, 1891, and the court must have found that the suit was commenced at the issuance of the summons, otherwise it would have directed a verdict for the defendant, as requested by the appellant at the close of the plaintiff's case and again at the close of all the evidence. It does not appear that any harm could have come to the appellant by reason of the court's ruling as to the pleadings. If the objection is that the question of identity of causes of action was submitted to the jury instead of to the court, that objection is without force, in the face of the fact that the court itself passed upon the question when it refused the peremptory instruction.

The appellant insists that the error was not harmless, for the reason that if the second replication had been held bad the defendant would have been clearly entitled to an instruction directing a verdict in its favor, because the issues found on the first replication were clearly with defendant. In support of this contention it is urged that the issues formed by the first replication to the plea of the Statute of Limitations was whether or not the amendment was filed within two years after the happening of the accident. We do not so consider it. The plea

contains the averment that the cause of action did not "accrue to the plaintiff at any time within two years before the commencement of this suit, to-wit, the filing of said declaration as amended." In the replication it is averred that the cause of action "did accrue within two years next before the commencement of this suit." That replication does not in any manner aver that the action accrued within two years next before the filing of the amendment, and the plea cannot be considered as declaring the action did accrue within two years next before the filing of the amendment unless it be granted that the filing of the amendment was the commencement of the suit, and that is just the question to be determined. The situation, in short, is this: The defendant, in the plea of the Statute of Limitations, averred that the action arose more than two years before the commencement of this suit. It then added: "to-wit, the filing of said declaration as amended." Of course, this addition implied that in the mind of the pleader the filing of the amendment was the commencement of the suit, and this was a question that he now insists was a matter of law for the court. When the plaintiff's replication was filed it traversed the averment in the plea, so far as it alleged that the action accrued more than two years before the commencement of the suit, but did not traverse the legal conclusion of the defendant that the filing of the amendment was the commencement of the suit.

Upon this state of the pleadings the appellant insists that because the uncontradicted proof shows that the action accrued more than two years before the amendment was filed it was entitled to the instruction directing a verdict in its favor. That such a contention hardly deserves the consideration we have given to it will readily appear when we summarize the position of the appellant. It contends that an issue was formed and proved in its favor, when, in truth, the fact that it contends was in issue was not asserted by the plaintiff at all, and un-

206—8

less we give a mere legal conclusion, namely, that the filing of the amendment was the beginning of the suit, the force of a negative averment, there was no such issue. We conclude, therefore, that any error that may have been committed in overruling the demurrer to the second replication was harmless, the issues of fact being properly formed by the general issue, the special plea and the first replication thereto, and the question of law having been passed on by the court in his refusal to give the peremptory instruction requested by appellant.

The principal question for our determination is raised by the second contention of the appellant. It is urged that the amendment to the declaration introduces a new cause of action and was barred by the Statute of Limitations, which had run previous to the filing of the amendment. The general rule of law applicable in this State is unquestioned. We have repeatedly held that where an amendment introduces a new cause of action it is regarded as a new suit, commenced when the amendment is filed, and the summons issued originally is ineffectual to toll the Statute of Limitations, if, in fact, the amendment is filed after the expiration of the statutory period. (*Fish* v. *Farwell*, 160 Ill. 236.) Where, however, an amendment to a declaration introduces no new cause of action, but merely re-states, in a different form, the same cause of action as set up in the original declaration, the suit is commenced at the time of the issuance of the original summons, and the filing of the amendment relates back to the date of the summons and the Statute of Limitations is not a bar to the amendment. *Chicago, Burlington and Quincy Railroad Co.* v. *Jones*, 149 Ill. 361; *Phelps* v. *Illinois Central Railroad Co.* 94 id. 548; *Wolf* v. *Collins*, 196 id. 281; *Chicago and Eastern Illinois Railroad Co.* v. *Wallace*, 202 id. 129.

The original declaration in the case at bar states, in effect, that the plaintiff became a passenger on a certain train of the defendant on the railroad running on

State street, and was carried to a point between Thirty-eighth and Thirty-ninth streets, on said State street, at which place the accident occurred. The amendment substitutes "Cottage Grove avenue" for "State street," so that, as amended, the declaration avers that he was a passenger on the Cottage Grove avenue line and that the accident occurred on Cottage Grove avenue between Thirty-eighth and Thirty-ninth streets. The bare question before us is, did such an amendment introduce a new cause of action?

Counsel for appellant cite numerous cases and text authorities on the proposition that even in transitory actions the allegation of place, if matter of description, is material and must be proved as laid. This is undoubtedly a correct statement of the law as laid down in *Wabash Western Railway Co.* v. *Friedman*, 146 Ill. 583, and *Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 id. 511, and would be applicable to the case at bar if we were called upon to determine whether there was a variance between the facts as proved on the trial and the allegations of the original declaration. The question before us is whether a new cause of action was introduced by an amendment which alleged a different place as the occurrence of the injury from that alleged in the original declaration. It might well be true that the facts proved under that amendment were at variance with the allegations of the original declaration, and still it would not necessarily follow that the allegations of the amendment introduced an entirely new and distinct cause of action. This is evident from the nature of a variance. Take the case of several counts in a declaration. The very object of stating the same cause of action in different counts is to prevent a variance. Because the proof corresponds, let us say, to the third count and is at variance with the first and second, it does not follow that the first and second counts set up a new and distinct cause of action from that contained in the third. We think this will demon-

strate clearly that there is a broad distinction between the cases of variance and cases where a new cause of action is introduced. In *Swift & Co. v. Foster*, 163 Ill. 50, this court said (p. 52): "The negligence of the defendant, whereby the death of Mullen was caused, might well be stated in different ways in the several counts, in order to prevent a variance between the allegation and proofs without setting up different and distinct causes of action."

The distinction may be illustrated in another way. A plaintiff must allege and prove every element that constitutes his cause of action; and the converse is true that elements constituting a cause of action are those that must be alleged and proved. In the case at bar the venue was laid with certainty, and it was not necessary to allege with particularity the descriptive matters of place, but having been laid, it was necessary, in order to prevent a variance, that they be proved as laid. An unnecessary allegation never becomes an element of a cause of action, and yet an unnecessary allegation must frequently be proved as laid to prevent a variance. The allegation, with particularity, of the street upon which the injury occurred was altogether unnecessary. The declaration laid the venue in "Cook county, Illinois," and it would have been a legally sufficient statement to have alleged that the injury occurred in the "county aforesaid." *Read v. Walker*, 52 Ill. 333; *St. Louis, Jacksonville and Chicago Railroad Co. v. Thomas*, 47 id. 116.

In *St. Louis, Jacksonville and Chicago Railroad Co. v. Thomas, supra*, the action was for killing stock at a place where the company was required to fence. The venue was "at the circuit aforesaid," averring that the defendant was then and there a corporation and operating a railroad, etc. In that case we said: "The declaration contained three counts, to which a demurrer was filed and special causes were set down. The first is, the want of a venue of the injury. The caption or title of the declaration is, 'State of Illinois, Morgan county.' The

averment is, that the company 'was then running divers locomotive engines and railroad cars, operated in and upon said railroad track, by the servants and agents of said railroad company, and the said defendant so operating said locomotives and cars in and upon said railroad track, on the day and year aforesaid, ran said locomotive and cars against and upon one steer, the property of the plaintiffs, and then and there killed said steer.' While this is not accurately formal pleading, we think that the 'then and there' obviously refers to the time and place previously mentioned, and as but one date and the name of but one place had preceded this averment, they were referred to, and Morgan county being named in the caption to the declaration it was thus named as the venue. In the second and third counts the venue is referred to as being at the 'circuit aforesaid.' This answers the rule of pleading that every traversable fact must be laid with a venue. It is true, this is but form; but appellants, as they had a right to do, objected for the want of form, by setting it down as a special cause in their demurrer. This ground of demurrer was not well taken." Upon this question, Tidd, in his Practice, (p. 432,) says: "In an action upon the case for a nuisance, if no place be alleged where the nuisance was committed, the county in the margin shall be intended; and in stating transitory facts, it is enough to allege a county for a venue, without a parish." In his Pleading, Chitty says (p. 249): "But in civil actions in the superior courts, as the jury is no longer *de vicineto*, the statement of a county alone, or that the contract was made in London, without laying a parish or ward, suffices, unless where a local description is necessary, as in replevin," etc.

The allegation of the particular street, being unnecessary, could not become an element of the cause of action, for, as we have already pointed out, only those matters are elements of a cause of action which it is necessary for the plaintiff to allege and prove. The question

is, therefore, narrowed to this: Did an amendment substituting one unnecessary and non-essential allegation for another just as unnecessary and just as non-essential to the cause of action introduce a new and distinct cause of action? We think the answer is clear that it did not. The right, duty, injury and liability are all precisely the same. It sets up the same right of the plaintiff to be secure from injury, the same duty of the defendant to observe that right, and, in the same words, the same breach of that duty and same violation of that right.

The case of *Cicero and Proviso Street Railway Co.* v. *Brown*, 89 Ill. App. 318, was a personal injury case. The original declaration stated that the defendant operated a railway on the streets of Chicago, but did not specify the street on which the line in question was operated. It stated that the injury occurred at the intersection of said railway and Fiftieth street. The first additional count alleged that the line was on Lake street and that the injury occurred at Fifty-first street. The second additional count alleged that the line was on Lake street and that the injury occurred at Fiftieth street. The Statute of Limitations was interposed, it being contended that the additional counts set up a new cause of action. The court said (p. 321): "At most, this proof could only amount to a variance from the allegation of the first additional count, and not a failure to prove the substance of the cause of action stated in the declaration. In actions of this class the cause of action is the act or thing done or omitted to be done by the one which confers the right upon another to sue; in other words, the act or wrong of defendant towards the plaintiff which causes a grievance for which the law gives a remedy."

In *Stevenson* v. *Mudgett*, 10 N. H. 338, (34 Am. Dec. 155,) the court says: "The cause of action in both counts is a contract for the delivery of certain cattle, and a breach of that contract. The particulars of time and place set forth in the amended count are materially different from

those in the original, and the additional averments are founded upon matter super-added by a further contract between the parties after the original agreement was entered into. But it was upon a breach of the contract as modified that the plaintiff brought his suit, and he asked by his amendment to perfect his declaration, so that he might be able to prosecute it and recover for that breach. In this view of the case the amendment was rightly admitted. The form of the action is not changed and the identity of the cause is preserved."

In *Alabama Great Southern Railroad Co.* v. *Thomas*, 89 Ala. 294, (18 Am. St. Rep. 119,) the court said: "The various amendments allowed to the complaint do not, in our opinion, introduce a new cause of action different from that stated in the original count of the complaint. The *gravamen* of the action is an injury caused to twelve head of cattle shipped by the plaintiff on the defendant's railroad on April 29, 1886, which injury was alleged to be the result of the defendant's negligence. The several amendments each make a case based on some alleged violation of duty growing out of the undertaking to ship these same cattle. They may correct a misdescription of the contract as to the agreed point of destination of the cattle, or otherwise cure an imperfect statement of the same subject matter, or add new averments of facts more clearly showing the negligence complained of or otherwise altering the grounds of recovery, or varying the alleged mode in which the defendant has violated his duties growing out of the agreement embraced in the bill of lading; but they go no further. The identity of the matter upon which the suit is founded is fully preserved. The amendments all fall within the *lis pendens* proper, and only subserve the purpose of accomplishing substantial justice between the parties and of deciding the pending controversy on its real and true merits. This is the main design of all statutes allowing amendments to pleadings. The Statute of Limitations of one year

was for these reasons no sufficient answer to the new counts added to the complaint by way of amendment."

In many States an amendment which introduces a new cause of action can never be made. In such States the decisions as to whether an amendment introduces a new cause of action are in point. In Pennsylvania a declaration cannot be amended so as to introduce a new cause of action, (*Tatham* v. *Ramey*, 82 Pa. St. 130,) but an amendment was allowed changing the State in which a contract was alleged to have been made. (*Trego* v. *Lewis*, 58 Pa. St. 463.) And, generally, in such States, "amendments which change the alleged date of the contract or the sum to be paid, or correct a misdescription of the contract in other respects, or change any particular of the matter to be performed or the time or manner of performance, so long as the identity of the matter upon which the action is founded is preserved, are not obnoxious to the rule." (1 Ency. of Pl. & Pr. 558.)

We are convinced that the amendment, although varying the details of place of the substantive claim, counted upon precisely the same rights, duties and violations as were alleged in the original declaration, and that, accordingly, no new cause of action was introduced.

We have carefully examined the authorities cited and relied upon by appellant, and do not think they are in conflict with the views herein expressed and are clearly distinguishable from the case at bar. The case of *Wabash Western Railway Co.* v. *Friedman, supra,* is among those relied upon by appellant. The sole question there was one of variance. The action was for a personal injury to a passenger. The averment in the declaration as to the location was, that the defendant company was operating a railroad from Kirksville, Mo., to Glenwood Junction, Mo., and that the plaintiff, Friedman, became a passenger at Kirksville to be carried thence to Glenwood Junction. The plaintiff testified that he boarded the train at Moberly, Mo., to go to Ottumwa, Iowa. This evidence

was objected to. It was insisted, for the company, there was a variance between the averment and the evidence as to how the relation of passenger and carrier arose, and an instruction to that effect was offered and refused. This court reversed the case and held there was a variance. In that case, *inter alia*, it is said (p. 592): "It may be true that plaintiff stated more in his declaration than he might have stated; that he might have relied upon an allegation that he was a passenger upon defendant's cars, being carried for reward, without stating definitely the termini of his journey on defendant's line of road, but having gone into detail in his allegations the law requires him to prove them as laid." If the averment of the termini of the journey might have been omitted and the general statement of the relation been held sufficient, it cannot be upon any other theory than that such averment was not essentially a part of the plaintiff's case. If Friedman, after the evidence was in, had amended his declaration by striking the unnecessary and descriptive part, no assignment of error could have been sustained because of the variance, and his declaration would have supported the verdict.

The case of *Wisconsin Central Railroad Co.* v. *Wieczorek,* 151 Ill. 579, is not authority in the case at bar. That was an action for an injury to real estate from the construction and operation of a steam railroad in a street in front of and adjacent to the plaintiff's premises, part of the injury charged being the obstruction of the street with trains. The evidence showed that the railroad was not upon the street or any part of it. It was held by this court that in an action such as that, the description of the *locus in quo* is legally essential to and of the substance of the action, for the reason that upon the proximity of the railway to the premises must, in a degree, depend the damage, and that a description must be given from which it could reasonably be inferred that injury might probably ensue to property claimed to be dam-

aged.   In the case at bar, the injury of appellee, either in its character or extent, was in no way dependent upon any particular place or street or along any part of appellant's line or lines of street railway.  The distinction made in the above case is also applicable in the case of *Derrigon* v. *Rutland,* 58 Vt. 128, which was an action for damage to land from the construction of a sewer.  The *narr.,* without particular description of the sewer, averred that a certain sewer constructed by the defendant, the town of Rutland, was built in 1872, etc.  The evidence disclosed that there were two sewers built by the defendant near the land of the plaintiff, one constructed in 1872 and one in 1882, and that the latter was the cause of the injury.  The *locus in quo* was material and there was a variance.  And so we might, in each of the cases cited, point out clear distinctions, as we think, from the contested point in this case.

We find no reversible error in the judgment of the Appellate Court, and that judgment is affirmed.

*Judgment affirmed.*