## Chicago & Joliet Electric Railway Company v. Anthony Goebel, Administrator.

### Gen. No. 4,675.

1. VERDICT—*when set aside as the result of passion or prejudice.* A verdict of $7,000 in an action for death caused by alleged wrongful act is clearly the result of passion or prejudice where no instruction was given as to the measure of damages and no evidence appears justifying the rendition of so large a verdict, and the entry of a remittitur of $3,000 does not cure the vice inherent in such a verdict.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Will county; the Hon. Don-

RANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

E. MEERS, for appellant.

J. W. D'ARCY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action on the case against appellant for damages on account of the death of plaintiff's intestate. The declaration alleges that the death of plaintiff's intestate was caused by the negligence of appellant in operating its street cars over and upon a certain highway just outside the city of Joliet; that appellant's car was at the time running at a high rate of speed; that it failed to sound a gong or signal; that the car was negligently managed and controlled, whereby the plaintiff's intestate, while riding in a buggy, and exercising ordinary care for her own safety, was struck by appellant's car, and received injuries from which she died. Appellant filed the general issue, and the case was heard before a jury which returned a verdict for plaintiff for $7,000. A motion for a new trial was made, whereupon appellee remitted $3,000. The motion for a new trial was then overruled, and judgment was entered on the verdict for $4,000. From that judgment this appeal is prosecuted.

At the point where the accident happened, appellant owns and controls its right of way, except where the right of way crosses Smith avenue which is beyond the limits of the city of Joliet. Appellant's track at this point runs north and south, and Smith avenue crosses the track at right angles. For fifteen years prior to the accident appellee and his wife lived about four or five blocks west of this crossing, and he was in the habit of crossing the railroad tracks at that point

two or three times a day; he knew all the surroundings and was thoroughly familiar with the lay of the land. On the 22nd day of March, 1905, about seven o'clock in the evening, appellee and his wife started for church in a buggy, appellee riding on the left or north side of the buggy as they proceeded east. Smith avenue for a distance of about two blocks west of the crossing, is a level and much traveled road. Along those two blocks the view is unobstructed so that a car on appellant's road approaching from the south could be seen for a distance of nearly a thousand feet. The testimony shows that this car was running at a speed of from ten to fifteen miles an hour. Appellee testified that when he was about two hundred feet from the tracks he looked to see if a car was coming, and he looked again when he was about forty feet from the tracks. He was riding in a top-buggy with the side curtains up. He testified that he partially rose up and looked for the car, that he saw no car approaching, heard no signal, and therefore allowed the horse to walk upon the tracks where the accident occurred.

At the time of the accident appellee's intestate was sixty-one years of age, and was in good health. She lived with her husband and three unmarried children, two sons and one daughter; her remaining five children were grown to maturity and had homes of their own.

Under the facts as presented by this record, the question before us is, whether or not the verdict is excessive. Upon this subject the Supreme Court in North Chicago Street R. R. Co. v. Brodie, 156 Ill. 317, used the following language in reference to a former statute: "The action was brought under the act of February 12, 1853. The second section of the act provides that the action shall be brought in the name of the personal representatives of the deceased person, and the amount recovered shall be for the benefit of the widow and next of kin of the deceased person, 'and in every such action the jury may give such damages

C. & J. Electric Ry. Co. v. Goebel.

as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5,000.' This statute has been before the court for consideration in a number of cases, and it has been uniformly held that damages can only be recovered for the pecuniary loss; that damages for the bereavement, for pain and suffering, damages by way of *solatium*,—cannot, under this statute, be recovered."

In view of the age of appellee's intestate, and the family relations, "the amount of the verdict, and the *remittitur* made, we can see it in no other light than that the jury were improperly influenced by motives of prejudice, passion or sympathy, or that there was a misconception of the evidence on their part, or that the verdict was the result of all these combined. The *remittitur* does not cure the verdict and make it a support for the judgment. To so hold would be, in our opinion, to substitute, in effect, the opinion of the learned trial judge and our opinion for the verdict of the jury. This we cannot legally and rightfully do in a case where the verdict is so manifestly the result of improper motives or influence as this one is." North Chicago R. R. Co. v. Hoffart, 82 Ill. App. 539.

There were no instructions given to the jury as to the measure of damages to be allowed, and we are unable to tell from the record how a verdict of $7,000 could be rendered.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Presiding Justice DIBELL, having heard this case in the lower court, took no part in its decision here.