MARSHALL DERRAGON v. THE VILLAGE OF RUT-
LAND.

*Pleading. Variance. Material Averment. Time. Surplusage. Videlicet. Practice. Amendment. Nonsuit.*

1. In an action to recover for injuries claimed to have been caused by the negligent construction of a sewer, there is a fatal variance when the declaration describes one sewer, and the evidence only tends to show a breach of duty as to another sewer.

2. MATERIAL AVERMENT—TIME—SURPLUSAGE—VIDELICET. The defendant had constructed two sewers, one in 1872, on the north side of a street, near the plaintiff's dwelling-house, and one in 1882. The sewer complained of was described in the declaration, not by boundaries, but as the one built in 1872; *Held*, that the averment, as to when the sewer was constructed, was material, and could not be rejected as surplusage; and that this is so, although laid under a *videlicet*.

3. PRACTICE—AMENDMENT—NONSUIT. An amendment of the declaration was not allowed as the court below suggested this course, and it was declined, but judgment was reversed *pro forma*, and a nonsuit entered.

4. A motion for a verdict on the ground of variance was properly made at the close of the evidence.

ACTION on the case for negligently permitting the overflow of sewage on the land adjoining the plaintiff's prem-

ises, whereby the plaintiff was damaged. Trial by jury, September Term, 1885, VEAZEY, J., presiding. Verdict directed for the defendant.

*Redington & Butler*, for the plaintiff.

The objection of variance was not taken soon enough; it should have been taken when the evidence was offered; it cannot be taken advantage of after the evidence is closed. *Roberts* v. *Graham*, 6 Wall. 578; *Ammel* v. *Noonar*, 50 Vt. 402. No fatal variance appears in the case. *Allen* v. *Jones*, 20 Conn. 47; 16 Pick. 359; *Gates* v. *Bowker*, 18 Vt. 23; *Steele* v. *Bates*, 2 Aik. 338.

In an action on the case for damages occasioned by a dam, alleged under a *videlicet* to be in the same county where the action was brought, but proved to be in another county, it was held not a fatal variance. *Thompson* v. *Crocker*, 9 Pick. 59; *Perry* v. *Bottsford*, 5 Pick. 189; *Little* v. *Blunt*, 16 Pick. 365.

If there be any allegation which may be stricken out without impairing the legal cause of action, such need not be proved, being surplusage. 1 Smith Lead. Cas. 265. The statement of time is immaterial. 1 Chit. Pl. 384.

In the case at bar both counts of declarations show the cause of action; it was the sickness and death of the son of the plaintiff, which occurred from the fault of the village in April and May, 1884; and the second count specifies that the said sewer " on the first day of April, 1884, did burst open," etc., etc., whereby the damages occurred. The allegation as to when it was built was immaterial. *In re Kelley*, 39 Conn.; 12 Conn. 138; 16 Conn. 110; 27 Conn. 638; *United States* v. *Le Baron*, 4 Wall. 643.

If no sewage was discharged directly upon plaintiff's land, still he can recover under his allegations that the sewer discharged on the lands near his house and impregnated the air around about with its foul odors, etc., whereby he suffered said damages. *Abbott* v. *Mills*, 3 Vt. 521; *Hatch* v.

*Vt. C. R. R.* 28 Vt. 142; *Balt. & Pot. R. R.* v. *5th Bap. Church,* 108 U. S. 317.

As to nuisance, see *Bailey* v. *R. R.* Co. 57 Vt. 252; Add. Torts, s. 283; *Rogers* v. *Stewart,* 5 Vt. 215. As to damages. 1 High Inj. s. 772 ; 2 Dill. Mun. Cor. s. 1048; *Emery* v. *Lowell,* 104 Mass. 13; *Childs* v. *Boston,* 4 Allen 41; *Haskell* v. *New Bedford,* 108 Mass. 208; *Emery* v. *Lowell,* 109 Mass. 197.

*T. G. Swinington* and *A. F. Walker,* for the defendant.

The allegation as to the *time when* the sewer was built and authorized by vote of defendant to be built is an essential and material matter of description.

Time, here, is made material by the very nature of the averment itself. There being at least two sewers on Mineral street, one having been built several years later than the other, to allege the *time when* one was built is to describe and designate what sewer is complained of in respect to which the defendant is charged with negligence, and to apprise it of the nature of the evidence it would have to meet.

No allegation, descriptive of the identity of that which is legally essential to the claim or charge, can ever be rejected, but it must be proved precisely as set forth. If proved otherwise it is a fatal variance, and if no proof at all is introduced, in that respect, then it is fatal. A *videlicet* does not help it. *Allen* v. *Goff,* 13 Vt. 148; 1 Greenl. Ev. (14 ed.) 56; Stark. Ev. (Sharswood ed.) 628-9-30; 1 Chit. Pl. 270; *Ladue* v. *Ladue,* 16 Vt. 189.

The opinion of the court was delivered by

WALKER, J. At the close of the evidence, the defendant moved the court to direct a verdict for the defendant.

" First, because there is a material variance between the declaration and the evidence, in this: that the declaration alleges as a cause of action damages said to have been

caused by a negligent construction and failure to repair a village sewer, built under a vote of the village in 1872, while the proofs are wholly directed to the sewer built in 1882, and no evidence has been introduced tending to show any liability, on the part of the village, in respect to the former Mineral street sewer of 1872, or thereabouts, or any damages resulting from the same for which the village is responsible in any manner."

" Second, because there is no evidence to be submitted to the jury entitling the plaintiff to recover; it appearing from the uncontradicted proofs that the sewer in question is located and constructed wholly within the limits of the streets and jurisdiction of the defendant village under its charter powers ; and no part of it upon the plaintiff's land, and that it did not discharge at any time sewage upon his lands, and the alleged injury being only such damage as is incidental to or consequential upon the exercise of the lawful powers of the village." The County Court sustained the defendant's motion on both grounds.

The plaintiff in the first count of his declaration alleges, in substance, that the defendant having the capacity and authority under its charter to construct and repair sewers within its incorporated limits, etc., "by virtue of its authority and capacity aforesaid did, to wit, on the           day of           A. D. 1872, by the vote of said village at a meeting legally called, first had and obtained, build and construct a certain drain and sewer within the incorporated limits of said village and near the said dwelling-house and lands of the said plaintiff (which are previously averred as being on Mineral street), and where the said Willie (the plaintiff's minor son) did then and thereafter lawfully reside, and did then and there cause to flow in said sewer all the filth * * * etc., and that by reason thereof it then became and was the bounden duty of the said defendant to keep said sewer in good and sufficient repair, so that the health and comfort of the inhabitants of said village should not suffer thereby,

\* \* \* \*   and that the defendant neglected and refused to keep said sewer in good and sufficient repair  \* \* \* \* and that by reason of said defendant's negligence in that respect the said sewer burst and broke open and discharged filth, odor, \* \* \* \* etc., which said defendant had caused to flow therein, in and upon the said dwelling-house and lands of the plaintiff, and saturated said land and premises and the air around about the same, by reason whereof the plaintiff's minor son was made sick and after languishing a long time died, etc."

The allegations are the same in the second count with the omission of the phrase, " by the vote of said village at a meeting legally called, first had and obtained."

The omission of this averment in the second count makes no essential difference in the legal effect of the two counts. The averments of the two counts are alike as to the description of the sewer, its location, and time of construction, and as to the sewer being constructed by the defendant by virtue of the capacity and authority conferred by its charter, and upon the variance claimed are alike vulnerable.

The amendment to the bill of exceptions states that the evidence, on both sides, tended to show that the first Mineral street sewer, called the box sewer, was built from 1872 to 1874, and extended along the north side of Mineral street and past and next to the plaintiff's land, emptying into Dead Creek, so called, near the corner of his land; and that said sewer has been in use ever since; and also that another sewer was built along the south side of Mineral street in 1882, emptying into said Dead Creek on land of O. L. Robbins and not on the plaintiff's land, and that plaintiff did not connect with said sewer or have land adjacent to it; and that this was the sewer that plaintiff claimed to recover damages for in this suit, and not for the sewer built in 1872. It is a well settled principle of law that the matter given in evidence and relied upon as

a basis of recovery must agree with what is set forth as the cause of action, in all the averments of the declaration which are inseparable and a constituent part of it, and serve to determine its identity; the distinction being between that which may be rejected as surplusage and that which cannot be. No averment can be treated as surplusage which would, if stricken out, impair the legal cause of action. Every averment, which the pleadings make material as a characteristic or descriptive part of the cause of action, must be proved as alleged in the declaration; and any variance which destroys the legal identity of the matter or thing averred with the matter or thing proved is fatal. This principle is in conformity with the substantial purposes of a declaration, which are, says Mr. Justice WASHINGTON, "to apprise the defendant of the nature of the charge, and to enable him, *by reference to the record itself,* to plead the judgment in bar to a second action for the same offense."

The case shows, that at the time of the injury complained of by the plaintiff, there were two sewers on Mineral street, one on the north side built from 1872 to 1874 and near the plaintiff's dwelling-house and lands, and one on the south side, built in 1882, adjacent to which the plaintiff had no land and which did not empty on the plaintiff's land.

If the plaintiff claimed damages resulting from the negligence of the defendant in respect to either one of these sewers, it was necessary that he so describe the one in respect to which he claimed damages in his declaration as to clearly apprise the defendant of its location, and of the identity of his cause of action. He could not declare generally for damages resulting from the defendant's negligence; the declaration must clearly show the duty and the breach of duty of the defendant as to the one complained of. Neither could he declare for damages resulting from a breach of duty of the defendant as to the sewer constructed

in 1872 and recover upon proof of the defendant's negligence as to the one constructed in 1882. The record of the judgment in such a recovery would necessarily be erroneous and misleading. It would show a recovery for a breach of duty as to the sewer constructed in 1872, whereas, in fact, it would be a recovery for a breach of duty as to the one constructed in 1882. The record of such judgment, pleaded in bar, would not constitute a bar to a subsequent action for the same breach of duty as to the sewer constructed in 1882, which had actually been recovered for in the first judgment. It was necessary that the plaintiff in his declaration should particularly describe what sewer he claimed it was the duty of the defendant to keep in good and sufficient repair, and upon which he claimed damages by reason of negligence on the part of defendant in its construction and failure to keep in repair.

In conformity with this requirement of the law the plaintiff in his declaration describes the sewer complained of, not by any definite boundaries, but as the one constructed by the defendant in 1872, near the plaintiff's dwelling-house and lands, under and by the virtue of the authority conferred by its charter. This is a good description; the reference to time makes the description of the sewer clear. No one can be mistaken by it as to what sewer is meant. It fully apprised the defendant of the identity of the cause of action.

The time when the sewer was built, as used in the declaration, is necessarily a material averment. It is descriptive of the sewer to which the plaintiff claimed damages by reason of the defendant's negligence. There is no other averment by which the sewer that the plaintiff intended to declare upon can be distinguished and designated. Therefore the time in this averment is descriptive of the legal identity of the subject-matter of the action, and cannot be rejected as surplusage; and to charge the defendant with liability it must be proved on trial as alleged.

Proof as to damages resulting from a breach of duty as to any other sewer would be a fatal variance. As the plaintiff, by the averments of his declaration, made the element of time descriptive of the sewer, he limited his right to recover for a breach of duty on the part of the defendant as to the sewer constructed in 1872, and he cannot recover under his declaration upon evidence which tends to show a breach of duty as to the sewer constructed in 1882. And as he sought to recover only for the latter and introduced no other evidence, there was a material and fatal variance between the declaration and the evidence.

This variance is not avoided by the fact that the statement of time is introduced by a *videlicet*. The statement of material descriptive matter must be proved as laid whether stated with or without a *videlicet* preceding it. 1 Stark. Ev. 447.

The motion of the defendant for the court to direct a verdict for defendant on the ground of variance, etc., was seasonably interposed.

It was in accordance with the rules of practice in this State and no authority has been presented to the court showing the rule to be otherwise.

The judgment of the County Court directing a verdict for the defendant on the ground of variance between the declaration and evidence was correct, and is sustained.

As this holding is decisive of this case it is not necessary to consider the other ground of the defendant's motion for a verdict.

Counsel for the plaintiff asked the court to reverse the judgment *pro forma* and remand the case giving him an opportunity to apply to the County Court for leave to amend his declaration. As it appears such a course was suggested to the counsel by the court below which was declined by them, this court will not now entertain the application. *Denison* v. *Tyson*, 17 Vt. 549.

But if counsel for plaintiff desire, the judgment of the

County Court will be reversed *pro forma* and the plaintiff be allowed to enter a nonsuit in this court with costs. And a nonsuit is entered by the plaintiff accordingly.