KITTIE GILLMORE

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1906.*

1. APPEALS AND ERRORS—*when Appellate Court should remand upon reversal.* Where a demurrer is sustained to a plea of the Statute of Limitations, based upon a change in the description of the place of injury in the amended declaration, and no leave to plead over is asked for, a finding by the Appellate Court, in its judgment of reversal, that the place of injury described in the amended declaration is not the same as the one described in the original declaration, is, in effect, a finding that the plea of Statute of Limitations should have been sustained, and in such case the reversal is for error of law and the cause should be remanded.

2. LIMITATIONS—*when averment of place of injury is material.* In an action against a city for failure to keep a certain sidewalk in repair, the averment as to the place where the sidewalk was out of repair is material, and an amended declaration, filed more than two years after the injury, which alleges that the sidewalk was out of repair at a different place than was averred in the original declaration, is subject to the plea of the Statute of Limitations. (*Chicago City Railway Co.* v. *McMeen*, 206 Ill. 108, distinguished.)

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On February 9, 1901, Kittie Gillmore, the appellant, (hereinafter referred to as plaintiff,) brought an action of case in the superior court of Cook county against the city of Chicago, the appellee, (hereinafter referred to as defendant,) to recover damages for personal injuries sustained by her on February 4, 1900, and which were occasioned by stepping into a hole in a sidewalk. On March 20, 1901, she filed a declaration consisting of one count, which alleged that the defendant, on February 4, 1900, "was possessed and had control of a certain public sidewalk on the north side of a certain public street called Thirty-eighth street, at and near to the intersection of said Thirty-eighth street with Prince-

ton avenue and between Princeton avenue and Shields avenue, in said city, in the county aforesaid;" that defendant, in violation of its duty to the plaintiff, negligently suffered the same to be and remain in bad and unsafe condition, so that the plaintiff, while passing, had her left foot caught in an opening in said sidewalk, whereby she was seriously and permanently injured. On September 21, 1904, the plaintiff filed an additional count, which is substantially the same as the original count, the only difference being in the phraseology. The defendant interposed the general issue to each of these counts.

Thereafter, on October 5, 1904, the plaintiff, by leave of court, amended the original declaration and the additional count by striking out the words "Princeton avenue" whereever the same therein occurred and inserting in lieu thereof the words "Stewart avenue." To the original and additional counts, as thus amended, the defendant filed the general issue and a plea setting up the Statute of Limitations. The defendant filed a *similiter* to the general issue and demurred to the plea of the Statute of Limitations. The demurrer was sustained, and the defendant stood by its special plea and went to trial upon the general issue. The jury returned a verdict for $3000 in favor of the plaintiff, and the court, after overruling a motion for a new trial, entered judgment upon the verdict for $3000. From that judgment the defendant appealed to the Appellate Court for the First District. That court reversed the judgment of the superior court without remanding the cause, and incorporated in its judgment the following finding of facts:

"And the court, upon the allegations and proofs in the record in this cause contained, doth find as facts that the description of a place as follows: 'The north side of a certain public street called Thirty-eighth street, at and near to the intersection of said Thirty-eighth street with Stewart avenue and between Stewart avenue and Shields avenue, in said city,' is not the same as or included within the description,

'the north side of a certain public street called Thirty-eighth street, at and near to the intersection of said Thirty-eighth street with Princeton avenue and between Princeton avenue and Shields avenue, in said city, in the county aforesaid.'

"Also, that the said first above quoted description is not the same as or included within the description, 'a certain public highway known as Thirty-eighth street, at or near the intersection of Thirty-eighth street with Princeton avenue and between Princeton and Shields avenues, in the city of Chicago.'

"Also, that the description of a place as follows: 'A certain public highway known as Thirty-eighth street, at or near the intersection of Thirty-eighth street with Stewart avenue and between Stewart and Shields avenues, in the city of Chicago,' is not the same as or included within the description, 'the north side of a certain public street called Thirty-eighth street, at and near to the intersection of said Thirty-eighth street with Princeton avenue and between Princeton avenue and Shields avenue, in said city,' or the same as or included within the description, 'a certain public highway known as Thirty-eighth street, at or near the intersection of Thirty-eighth street with Princeton avenue and between Princeton and Shields avenues, in the city of Chicago.'

"Also, that Princeton avenue, Shields avenue and Stewart avenue run north and south in the city of Chicago, parallel to each other; that Shields avenue is east of Stewart avenue and west of Princeton avenue, and that Thirty-eighth street runs east and west in the city of Chicago, at right angles with the direction of Princeton, Shields and Stewart avenues."

The plaintiff appealed to this court, and urges that the Appellate Court erred in making the finding of facts and in reversing the judgment of the superior court.

THEODORE G. CASE, for appellant.

JOHN F. SMULSKI, City Attorney, (EDWARD C. FITCH, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Manifestly, the judgment of the Appellate Court reversing the cause was based upon the finding of facts above set out. The facts so found related solely to the question whether the amended counts stated a cause of action different from that set up in the original and additional counts, that being the question presented by the demurrer to the plea of the Statute of Limitations filed herein, and when the judgment and finding of facts are considered together it seems apparent that the Appellate Court reversed the judgment of the superior court on the ground that the cause of action set up in the amended counts was not the same cause of action stated in the original and additional counts, and that as the amendments were not made until more than two years after the cause of action stated by the amended declaration had accrued, the Statute of Limitations, which was set up by the defendant's plea, was a bar to the action.

The question presented by the demurrer to the plea of the Statute of Limitations was one of law, viz., whether the amendments to the original and additional counts introduced another and different cause of action from that set up in those counts as originally filed. That question of law, upon the demurrer, could only be determined by an inspection of the original and amended declarations. Plaintiff concedes that by language used in the various counts the defective sidewalk is located in one place by the original and additional counts and in another place by the amended counts.

We are of opinion that a cause of action was stated by the amended counts other and different from that stated by the original and additional counts. As suggested by the Appellate Court, there might be no sidewalk in one place and consequently no duty in reference to its repair, while

there might be a sidewalk in the other place with a duty regarding its maintenance.

In the case of *Chicago City Railway Co.* v. *McMeen,* 206 Ill. 108, to which our attention has been called, the wrong charged consisted in negligently managing and controlling a certain train of street cars in such a manner that it ran into another street car upon which the plaintiff was a passenger, causing the injury complained of, and that negligence was the same whether it occurred on State street, as charged by the original declaration, or on Cottage Grove avenue, as charged by the amended declaration. Here the negligence averred consisted in a violation of the duty to properly maintain a sidewalk. Neglect to keep a sidewalk in repair at one place is not the same wrong as neglect to keep a sidewalk in repair at another place, and this case is therefore readily distinguished from the *McMeen case.* The act of negligence charged by the original and additional counts in the case at bar is a different act of negligence from that charged by the amended counts. This precise question° does not seem to have heretofore arisen in this State, but in the consideration of an analogous proposition the court of last resort in Vermont reached a conclusion in accord with that above stated. *Derragon* v. *Rutland,* 58 Vt. 128.

No replication was filed to the plea of the Statute of Limitations. The trial court sustained a demurrer to that plea and no leave was obtained to plead over. There was, therefore, no issue of fact in the trial court involving the Statute of Limitations. Section 88 of chapter 110, Hurd's Revised Statutes of 1905, only authorizes the Appellate Court to recite in its final order, judgment or decree the facts as found by it, where the final determination of a cause "shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy, different from the finding of the court from which such cause was brought by appeal or writ of error." The words "matter in controversy," in this section, mean matter

of fact in controversy. The Appellate Court is not authorized to make a finding of facts that is not responsive to any issue of fact raised in the trial court, and upon such finding of facts reverse the judgment of the lower court without remanding the cause. The trial court did not make, and could not have made, any finding of facts whatever in relation to whether the defective sidewalk described in the original and additional counts was located at the same place as the defective sidewalk described in the amended counts, as no such question of fact was presented in that court, and it follows, as a matter of course, that the recital of facts contained in the final judgment of the Appellate Court is not, within the meaning of the statute, "different from the finding" of the superior court.

If the ground upon which the Appellate Court reached its judgment was, as seems evident, that the plea of the Statute of Limitations presented a good defense, that court should have reversed the judgment of the superior court and remanded the cause, with directions to the lower court to overrule the demurrer to that plea. If the Appellate Court reached its judgment, however, by reason of a finding of facts, on any issue of fact which was joined in the superior court, different from the finding of the superior court, then such finding on that issue of fact should be recited in the judgment of the Appellate Court.

Inasmuch as the finding of facts of the Appellate Court was one which that court had no power to make, and inasmuch as the judgment of that court is not warranted by that finding, that judgment will be reversed and the cause will be remanded to the Appellate Court for further consideration of the errors assigned by the city of Chicago in that court, and for the entry of such judgment, not inconsistent with this opinion, as to the Appellate Court may seem just.

Leave is given to withdraw the record of the superior court filed in this court for the purpose of re-filing it in the Appellate Court.                     *Reversed and remanded.*