NELLIE CARLIN, Admx., Appellant, *vs.* THE CITY OF
CHICAGO, Appellee.

*Opinion filed February 21, 1914—Rehearing denied April 10, 1914.*

1. WORDS AND PHRASES—*word "street" is a generic term.* The
word "street" is a generic term, and includes all public roads or
ways within the municipality over which the municipal corporation
has jurisdiction and as to which it owes the public the duty of
exercising reasonable care to maintain them in a reasonably safe
condition for public use.

2. SAME—*word "place" may mean a particular kind of street.*
The word "place," in its primary and most general sense, means lo-
cality, situation or site, but in another sense it means a particular
kind of street, and as so used is within the generic word "street."

3. LIMITATIONS—*rule where original declaration fails to state
any cause of action whatever.* If the original declaration fails to
state any cause of action whatever and an amended declaration is
filed after the Statute of Limitations has run, the filing of the
amended declaration will be regarded as the beginning of a new
suit and the Statute of Limitations will constitute a good defense.

4. SAME—*rule where an amendment introduces a new cause of
action.* If an amendment introduces a new cause of action not
stated in the original declaration, the running of the Statute of
Limitations as to such new cause is not arrested by the filing of
the original declaration, and the Statute of Limitations may be
pleaded to the cause of action so introduced.

5. SAME—*rule where amendment merely re-states the original
cause of action.* If the amended declaration re-states in a differ-
ent form the cause of action set out in the original declaration, the
filing of the amendment relates back to the commencement of the
suit and the Statute of Limitations is no defense.

6. SAME—*test in determining whether different counts are for
same cause of action.* One test in determining whether different
counts are for the same or different causes of action is whether
the same evidence would support a judgment upon either; and this
does not mean that the evidence must be admissible, indifferently,
under both counts if it was objected to on the ground of variance,
but whether the same evidence, if unobjected to, would sustain the
substantial averments of both counts.

7. SAME—*changing word "street" to "place" does not charge a
new cause of action.* Where a declaration against a city for dam-

ages for the death of a child, due to the negligence of the city in permitting an obstruction to be in a street, alleges the place where the obstruction was, to be Fourteenth street, an amendment changing the word "street" to "place" does not introduce a new cause of action. (*Chicago City Railway Co.* v. *McMeen,* 206 Ill. 108, and *Gillmore* v. *City of Chicago,* 224 id. 490, explained.)

CARTWRIGHT, J., COOKE, C. J., and DUNN, J., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding.

EDGAR L. MASTERS, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, and N. L. PIOTROWSKI, City Attorney, (DAVID R. LEVY, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Nellie Carlin, as administratrix of the estate of Julius Mell, deceased, brought an action against the city of Chicago and Thomas F. Pickham to recover damages for the benefit of the next of kin of the deceased for the negligent killing of said Julius Mell. The declaration contained three counts, in each of which it is charged that the death of Julius Mell, a child six years of age, was caused by the negligence of the defendants in failing to guard or protect a large piece of boiler or header-pipe which was negligently placed and permitted to remain on Fourteenth street near the plant or factory of the defendant Pickham, which was known as the Thomas F. Pickham Boiler Works, situated on said Fourteenth street, in the city of Chicago. After the Statute of Limitations had run plaintiff obtained leave to amend her declaration, and amended the same by striking out the word "street" where the same appeared in the several counts and inserting in lieu thereof "place." The

amendment to the declaration consisted in the change of this single word. After this amendment was made the city of Chicago filed a plea setting up the Statute of Limitations, alleging that the cause of action stated in the amended declaration was another and a different cause of action from that stated in the declaration as originally drawn. Plaintiff below demurred to this plea and her demurrer was overruled. She elected to abide by her demurrer and judgment was rendered against her. The cause was discontinued as to Pickham. Plaintiff below appealed to the Appellate Court, and that court affirmed the judgment below but granted a certificate of importance and an appeal to this court. If the declaration, as amended, stated a different cause of action from the one stated in the original declaration the judgment of the Appellate Court should be affirmed, otherwise it should be reversed.

"Fourteenth street" and "Fourteenth place" do not necessarily refer to different localities. Webster defines a street to be "a city road." The word "street" is a generic term, and includes all urban ways which can be, and are generally, used for ordinary purposes of travel. It is a highway free to all, and maintained not for private gain but public benefit. (Elliott on Roads and Streets, 12; see 7 Words and Phrases, title "Street.") The word "street" may include a bridge which is a part of it; (*Langlois* v. *City of Cohoes,* 58 Hun, 226; *Floyd County* v. *Rome Street Railroad Co.* 77 Ga. 614;) and a mere *cul de sac,*—that is, a street open at one end, only,—is included in the general term "street;" (*Bartlett* v. *City of Bangor,* 67 Me. 460;) and it was held by this court to be a term broad enough to include a boulevard. (*West Chicago Park Comrs.* v. *Farber,* 171 Ill. 146.) While the word "street" would not include a mere private way, it does include all the public roads or ways within the municipality over which it has jurisdiction and as to which it owes the public the duty of

exercising reasonable care to keep and maintain them in a reasonably safe condition for public use. The word "place" has several meanings. In its primary and most general sense it means locality, situation or site, and it is also often used to designate an occupied situation or building or an estate. The third definition given by the Standard Dictionary is: "An open space or square in a city; also, a court or street; especially a short or subordinate street, as a market place, Astor place, etc." It is in this last sense the word "place" is used in the amended declaration. The word "place" means simply a particular kind of street, but it is included within the generic term "street." The expressions "Fourteenth street" and "Fourteenth place" are manifestly both intended to describe the same *locus in quo*. This conclusion is rendered more certain by the averment contained in both the original and amended declarations, that the "city of Chicago had control of certain streets, and among others was in charge of Fourteenth street, (or place,) particularly at or near the plant or factory of Thomas F. Pickham on said Fourteenth street."

Taking the entire description of the location of this injury into account, it would be a strained and unnatural construction of the language used to hold that the original declaration charged that this child was killed at one place and the amended declaration at another and different place. While the amendment in question was no doubt made merely to avoid the possible objection of a variance, it was not necessary, since if the proof had shown that the accident happened on a particular public street of the city described as Fourteenth street, proof that the *locus in quo* was known and usually described as Fourteenth place would not have constituted a substantial variance, since the more specific term "place" is included in the generic term "street." Even an indictment describing a thing by its generic term is supported by proof of a species which is clearly comprehended

within such description. (1 Greenleaf on Evidence, sec. 65.) In certain local actions, such as trespass *quare clausum fregit,* the *locus in quo* is legally essential to and of the substance of the action, and a specific legal description thereof, when given by the pleader, being material to the right of recovery, should be substantially proved as laid and a variance therefrom will be fatal; (22 Ency. of Pl. & Pr. 587; *North Birmingham Street Railway Co.* v. *Calderwood,* 89 Ala. 247; *Wertz* v. *State,* 42 Ind. 161;) and in all proceedings *in rem,* such as condemnation and tax proceedings, the property involved must be accurately described and the proof must correspond with the allegation. *Dickerson* v. *Burke,* 25 Ga. 225; 1 Elliott on Evidence, sec. 197, and cases there cited.

The case of *Wisconsin Central Railroad Co.* v. *Wieczorek,* 151 Ill. 579, illustrates the doctrine now under consideration. That was an action for an injury to real estate from the construction and operation of a steam railroad in a street in front of and adjacent to the plaintiff's premises, and part of the injury charged was the obstruction of the street with trains. The evidence showed that the railroad was not upon the street or any part of it, and this court held that in an action such as that, the description of the *locus in quo* is legally essential to and of the substance of the action and must be proved as laid in the declaration. *Derrigon* v. *Rutland,* 58 Vt. 128, was an action for damages to land from the construction of a sewer, and it was held that the description of the sewer was material and that a variance in the proof from the description in the declaration was fatal. But an action for personal injury or for negligently causing the death of another is not a local action and a description of the particular locality where the tort was committed is not an essential element of the cause of action. A declaration against a municipality which alleged all of the elements of a cause of action, and charged,

in general language, that the injury happened upon one of the public streets of the municipality, without other more specific description, would state the substance of a good cause of action, and we have no doubt such a declaration would be good after verdict. The particular place where an injury occurs is not an element of the cause of action.

In *Chicago City Railway Co.* v. *McMeen*, 206 Ill. 108, the original declaration alleged that the injury occurred while the plaintiff was a passenger on one of the street cars of the defendant on State and Lake streets, in the city of Chicago, at a point between Thirty-eighth and Thirty-ninth streets. After the Statute of Limitations had run the plaintiff amended the declaration by striking out "State and Lake streets" and inserting "Cottage Grove avenue," so that the declaration alleged that the injury occurred between Thirty-eighth and Thirty-ninth streets, on Cottage Grove avenue. The Statute of Limitations was pleaded and issue joined thereon. The judgment being for the plaintiff, an appeal was prosecuted to the Appellate Court, where the judgment below was affirmed, and the cause, by a further appeal, was brought to this court. It was strenuously insisted in this court that the amendment to the declaration, which made an entire change as to the location of the injury, stated a new cause of action. The question presented received the mature and painstaking consideration of this court. In discussing this question the court, speaking by Mr. Justice Ricks, on page 115 said: "Counsel for appellant cite numerous cases and text authorities on the proposition that even in transitory actions the allegation of place, if matter of description, is material and must be proved as laid. This is undoubtedly a correct statement of the law as laid down in *Wabash Western Railway Co.* v. *Friedman,* 146 Ill. 583, and *Lake Shore and Michigan Southern Railway Co.* v. *Ward,* 135 id. 511, and would be applicable to the case at bar if we were called upon to determine whether

there was a variance between the facts as proved on the trial and the allegations of the original declaration. The question before us is whether a new cause of action was introduced by an amendment which alleged a different place as the occurrence of the injury from that alleged in the original declaration. It might well be true that the facts proved under that amendment were at variance with the allegations of the original declaration, and still it would not necessarily follow that the allegations of the amendment introduced an entirely new and distinct cause of action. This is evident from the nature of a variance. Take the case of several counts in a declaration. The very object of stating the same cause of action in different counts is to prevent a variance. Because the proof corresponds, let us say, to the third count and is at variance with the first and second, it does not follow that the first and second counts set up a new and distinct cause of action from that contained in the third. We think this will demonstrate clearly that there is a broad distinction between the cases of variance and cases where a new cause of action is introduced. In *Swift & Co.* v. *Foster,* 163 Ill. 50, this court said (p. 52): 'The negligence of the defendant, whereby the death of Mullen was caused, might well be stated in different ways in the several counts, in order to prevent a variance between the allegation and proofs without setting up different and distinct causes of action.' The distinction may be illustrated in another way. A plaintiff must allege and prove every element that constitutes his cause of action; and the converse is true, that elements constituting a cause of action are those that must be alleged and proved. In the case at bar the venue was laid with certainty, and it was not necessary to allege with particularity the descriptive matters of place, but having been laid it was necessary, in order to prevent a variance, that they be proved as laid. An unnecessary allegation never

becomes an element of a cause of action, and yet an unnecessary allegation must frequently be proved as laid to prevent a variance. The allegation, with particularity, of the street upon which the injury occurred was altogether unnecessary. The declaration laid the venue in 'Cook county, Illinois,' and it would have been a legally sufficient statement to have alleged that the injury occurred in the 'county aforesaid.'—*Read* v. *Walker*, 52 Ill. 333; *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Thomas*, 47 id. 116."

The language of this court which we have quoted above at length would seem to be a conclusive and authoritative answer to the contentions of appellee in the case at bar. Applying the test suggested in the *McMeen case* to the case at bar, let it be supposed that appellant had filed a declaration of two counts, in one of which it was alleged that appellant's intestate was killed, through the negligence of appellee, on Fourteenth street near the plant or factory known as the Thomas F. Pickham Boiler Works, in the city of Chicago, and in the second count the death was alleged to have occurred in the same manner at Fourteenth place near the plant or factory known as the Thomas F. Pickham Boiler Works, in the city of Chicago. Such a pleading would be clearly within the rule allowing one to state his cause of action in different words in order to meet possible variances in the proof. While it is not an essential element of a cause of action for a personal injury to state with particularity the exact place where the injury was inflicted, still the rule is well established that where the pleader alleges the location he will ordinarily be held to prove the allegations made, and evidence of an injury at another time or place would be open to the objection of a variance. But the doctrine of variance is one thing and the statement of another and different cause of action is something else. There are certain propositions of law which must be regarded as fully established by the decisions of this court, to-wit:

(*a*) If the original declaration fails to state any cause of action whatever, and an amended declaration is filed, after the Statute of Limitations has run, which does state a cause of action, the filing of such an amended declaration will be regarded as the beginning of the suit for that cause of action and the statute will constitute a good defense. *Foster* v. *St. Luke's Hospital*, 191 Ill. 94; *Doyle* v. *City of Sycamore*, 193 id. 501; *Mackey* v. *Northern Milling Co.* 210 id. 115.

(*b*) If an amendment introduces a new cause of action not stated in the original declaration, the running of the Statute of Limitations is not arrested as to such new cause by the filing of the original declaration, and the statute may be pleaded to the cause of action stated in the amended declaration. *Fish* v. *Farwell*, 160 Ill. 236; *Chicago City Railway Co.* v. *McMeen, supra.*

(*c*) If the amended declaration re-states the original cause of action in a different form, the filing of such an amendment relates back to the commencement of the suit and the Statute of Limitations is not a defense. *North Chicago Rolling Mill Co.* v. *Monka*, 107 Ill. 340; *Swift & Co.* v. *Foster, supra; Swift & Co.* v. *Madden*, 165 Ill. 41; *Chicago and Eastern Illinois Railroad Co.* v. *Wallace*, 202 id. 129; *Chicago City Railway Co.* v. *McMeen, supra; Wabash Railroad Co.* v. *Bhymer*, 214 Ill. 579; *Heffron* v. *Rochester German Ins. Co.* 220 id. 514.

One test by which it is determined whether the different counts are for the same or different causes of action is whether the same evidence would support a judgment rendered upon either. This does not mean that the evidence must be admissible, indifferently, under both counts if it was objected to on the ground of a variance. The question under this test is, would the same evidence, unobjected to, sustain the substantial averments of both counts? Another test is, could a judgment under one count be suc-

cessfully pleaded as a former adjudication against the cause of action set out in the other count? In the case at bar the cause of action stated in the original and amended declarations is the same under either test, and the demurrer to the plea of the Statute of Limitations should have been sustained.

The degree of care which a city is required to exercise to keep its streets and sidewalks in a reasonably safe condition will vary according to the location, character and extent of the use to which they are put. The city cannot be expected to use the same degree of care over streets and walks in outlying districts that are but little used as is required in respect to those in the busy centers, which are constantly used by large numbers of persons. The duty is of the same general character but differs in degree and must be commensurate with the danger to be apprehended from its neglect. The extent of the duty in any given case, and whether it has been performed, is a question of fact for the determination of the jury. It cannot, therefore, be said that the duty of a city in respect to its streets and sidewalks is the same in one locality as in another, hence a declaration which charges a municipality with a violation of its duty to the public in failing to use reasonable care in respect to a street or a sidewalk in a particular designated place might not be the same duty, in degree, that would be required of the municipality in another locality,—and this was the basis of this court's decision in *Gillmore* v. *City of Chicago*, 224 Ill. 490. In that case the injury was alleged to have occurred at a particular point on a certain street. After the Statute of Limitations had run the declaration was amended, by which the place of injury was located upon another street. In that case there were two different localities described and not two descriptions of the same locality, and this appeared from the declaration. In the case at bar it is clear that the description

given in the original declaration and that introduced by the amendment refer to one and the same place. The *Gillmore case* is distinguishable from the case at bar in this respect. There is no conflict between the *McMeen case* and the *Gillmore case*. In the *McMeen case* it was the duty of the carrier to a passenger that was alleged to have been violated. That duty differs from the duty of a municipality in respect to its streets and sidewalks. The duty of the carrier to its passengers does not vary but is as high a duty in one place as in another. The *McMeen case* is cited in the *Gillmore case* and is there distinguished. The *McMeen* and *Gillmore cases* are not in conflict with each other, and neither of them is in conflict with the views that we have herein expressed.

The judgments of the superior court of Cook county and of the Appellate Court for the First District are reversed and the cause remanded to the superior court, with directions to sustain the demurrer to the plea of the Statute of Limitations, and for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*

CARTWRIGHT, J., COOKE, C. J., and DUNN, J., dissenting:

The learned counsel for the appellant has not made any claim, in his argument or otherwise, that the places described as Fourteenth street in the original declaration and Fourteenth place in the amended declaration were, in fact, one and the same place, and that therefore the amendment made to designate a different place was unnecessary. The following are the only points made in brief or argument as reasons for reversing the judgment of the Appellate Court: "The case of *Gillmore* v. *City of Chicago,* 224 Ill. 490, so far as it touches upon the question at bar, is *obiter dictum.*" "The *locus in quo* is mere matter of description in personal

and transitory actions and is never matter of substance." It is therefore apparent that the theory adopted by the majority of this court was never presented or made known to the trial court or Appellate Court.

But aside from the fact that the opinion adopted is based on a view of the law upon which the opinion of the Appellate Court was not asked and which was not considered by that court, we regard the conclusion of the majority as wrong. A "place" is any space separated and distinguished from all other space. It is a generic term and may be applied to a certain kind of street, but in our judgment that fact does not authorize a conclusion that the street described in the original declaration as "a certain street known as Fourteenth street" is the same as a street described in the amended declaration as "a certain street known as Fourteenth place," without any averment of identity. The natural construction of the language is, that a street known as Fourteenth street is not the same as a street known as Fourteenth place.

Counsel for appellant has not contended that the two streets are the same, nor that the decision in the case of *Gillmore* v. *City of Chicago, supra,* if adhered to, is not conclusive in this case. What he has contended is that what was said in that case was *obiter dictum,* and also that the decision was wrong and should not be followed. In that case there was an original declaration and additional counts charging the city with a neglect of duty concerning a sidewalk on a certain street. The declaration was amended so as to charge a neglect of duty concerning a sidewalk on a different street, and upon a review of the judgment of the Appellate Court it was held that the cause of action stated in the amended declaration was other and different from that stated in the original declaration and additional counts. The trial court had sustained a demurrer to a plea of the Statute of Limitations, and there hav-

ing been no replication to the plea there was no issue of fact. The Appellate Court made what was regarded by that court as a finding of facts. The decision of this court was, that the finding was correct as a matter of law but the supposed finding of facts was one which the court had no power to make in a case where there was no issue of fact. The cause was remanded for further consideration of the errors assigned and the entry of a judgment not inconsistent with the opinion of this court on the question of law, which was that the causes of action were different. The question of law was involved in the case and what was said touching upon it was not *obiter dictum.*

The argument that the decision was wrong and should not be followed is on the alleged ground that the court mistook the question of certainty of description in the declara-- tion for the identity of causes of action, and that different descriptions of the place where the injury occurred would amount to nothing more than a variance. Counsel appears to us to understand that the injury set forth in a declaration constitutes the cause of action, and that all those facts which show the existence of a duty and a neglect of that duty are mere matters of description, which may render the statement of the cause of action uncertain but will not determine what is the cause of action. In order to state a cause of action for an injury resulting from negligence it is necessary that a declaration should state, first, facts from which, as a matter of law, a duty to exercise care will arise; second, facts showing a failure to perform such duty; and third, injurious consequences resulting from the failure. It is true, as a matter of law, that a city owes to the general public, consisting of all the citizens of the State, a duty to exercise care to keep its streets in a reasonably safe condition, but no action will lie for a breach of that duty to the general public. The duty becomes a specific duty to any of the public lawfully using a street. Having become a

specific duty to an individual, an action will lie for a breach of the duty in failing to exercise reasonable care to keep that street reasonably safe for the person lawfully using it and in the exercise of ordinary care for his own safety. To say that a declaration against a city alleging, generally, an accident to a plaintiff on a street within the city limits would contain all the information essential to be stated in a pleading is clearly incorrect and contrary to all rules of pleading, and if one street is named in a declaration and by amendment another street is substituted the causes of action are different. This is recognized in the opinion of the majority where it is said that the basis of the decision in the *Gillmore case* was, that a declaration charging a municipality with the violation of its duty in failing to use reasonable care in respect to a street or sidewalk in a particular designated place is not the same duty required of the municipality with respect to another locality, and that in that case there were two different localities described. In the original declaration in this case the fact was stated that the city had charge and control of a certain street known as Fourteenth street at a designated place, which imposed on the city the duty of exercising reasonable care to keep that street reasonably safe, and the breach alleged was permitting that street at that place to be in an unsafe condition. The amended declaration alleged that the city had charge and control of another street, which would raise a duty to keep that street in a reasonably safe condition, and that averment was not a mere matter of description of the same cause of action stated in the original declaration.

Under the law as declared in the *Gillmore case* the judgment of the Appellate Court ought to be affirmed.