RUDOLPH BREGAR *et al.*, Plaintiffs-Appellants, *v.* LESTER SUGGETT *et al.*, Defendants-Appellees.

(No. 71-220; )

Third District—September 1, 1972.

Robert P. Brumund, of Joliet, for appellants.

Arthur T. Lennon, of Joliet, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

As a result of a neighborhood dispute plaintiffs, Rudolph Bregar and Leona Bregar, Appellants, brought this action in the Circuit Court of Will County to recover damages from Lester Suggett and other members of his family, Defendant-Appellee. The original complaint filed on May 27, 1969, included three counts, the first charging false arrest, the second malicious prosecution and the third defamation. Counts one and two referred to an incident occurring on July 3, 1967. The defamation count descibed events occurring between July and November of 1967.

Pursuant to leave granted plaintiff filed an amended complaint on March 11, 1971. The amended complaint added two additional counts relating to false arrest and malicious prosecution and of particular significance to this case described the incident in counts one and two as having occurred on July 5, 1967, rather than on July 3, 1967.

Pursuant to defendant's motion the court on March 22, 1971, dismissed counts four and five because not filed in apt time, granted defendant's motion for summary judgment on count three and continued counts one and two for pretrial on April 19, 1971. No appeal has been taken from the court's dismissal of counts three, four and five and neither the content of such counts nor the court's ruling is of any concern on this appeal.

Pursuant to another motion by defendant filed in September, 1971, the

court dismissed counts one and two with prejudice because filed beyond the period of the statute of limitations. Although defendant suggests there were other reasons for the dismissal such reasons are not discussed in the briefs and it appears to us that they are subordinate to or dependent upon the court's principal ruling that the amended complaint was not filed in apt time. It should be noted that each of the parties has been represented by a succession of attorneys and different judges were involved in the disposition of the case.

The governing statute is, Chap. 110, Sec. 46, Par. 2, Ill. Rev. Stat. 1971, "* * * (2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action, cross demand or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended * * *." It is conceded that the actions described in counts one and two of the complaint are required to be brought within two years from the date they accrue. Chap. 83, Sec. 15, Ill. Rev. Stat. 1971.

In seeking to reverse the judgment of the trial court plaintiff argues that the change of date of the incident from July 3, 1967 to July 5, 1967, is an appropriate amendment within the terms of section 46(2) quoted above which relates back to the time of the filing of the original complaint. Defendant on the other hand argues that the change in date thereby renders the incident a separate and distinct occurrence and consequently a separate and distinct cause of action effective if at all, only as of the date of actual filing.

The original complaint was filed within two years of the date of the described incident whether its date by July 3, 1967, or July 5, 1967, as described in the amended complaint. Thus the question as to whether the amendment relates back to the original filing depends on whether the amendment "grew out of the same transaction or occurrence set up in the original pleading".

Several criteria have been set forth in the cases relevant to the determination of whether an amendment does relate to the same transaction or occurrence which criteria generally support the goal that a defendant ought not be required to defend against stale claims of which he has had no notice or knowledge.

*Carlin v. City of Chicago,* 262 Ill. 564, 104 N.E. 905, although decided in 1914, prior to the more liberal present Civil Practice Act, suggests the following criteria. Would the same evidence be appropriate to prove both the original complaint and amendment? Did the original complaint state a cause of action although stating such cause of action defectively? Does the amendment relate to a necessary element of the cause of action. Would a judgment on the original complaint be *res judicata* to the amended complaint? In the *Carlin* case the declaration described the location where a personal injury had occurred as being on "14th Street" and in the amendment described such location as "14th Place". Even under the admittedly technical common-law pleading system the court concluded that the amendment made after expiration of statute of limitations did relate to the occurrence described in the original complaint and hence related back to the original date of filing.

When we consider the criteria as applied to the facts of this case it is our conclusion that the change in date was an amendment growing out of the same transaction or occurrence and was not a new or different cause of action. We should also observe that the original complaint described the incident as occurring "on or about July 3, 1967" which we believe is substantially the same in legal effect as "on or about July 5, 1967". We doubt that any amendment would be necessary unless for some reason the date became a disputed element in the case.

The principal case cited by the defendant in support of the court's judgment is *Walsh v. Central Cold Storage Co.,* 324 Ill.App. 402, 58 N.E.2d 325. We do not believe such case is authority for the defendant's position since the amendment sought in that case was the addition of a new party plaintiff who sought to bring an action although derived from the original plaintiff of an entirely independent and different nature. The addition of parties either as plaintiff or defendant would appear to involve different considerations than those in the case at bar.

For the foregoing reasons the judgment of the Circuit Court of Will County is reversed and remanded for further proceedings.

Reversed and remanded.

ALLOY and DIXON, JJ., concur.