CAROLYN SMITH, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant (Illinois Institute of Technology, Defendant-Appellee).

First District (1st Division) No. 1—92—0103

Opinion filed September 7, 1993.

Gary B. Friedman, Ltd., of Chicago (Jay R. Giusti, of counsel), for appellant.

Law Offices of Shelmerdeane A. Miller, of Chicago (Sheila M. Devane, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff Carolyn Smith filed a complaint against defendant Illinois Institute of Technology and codefendant City of Chicago for damages allegedly incurred when her foot became stuck in a hole. The circuit court granted codefendant's and defendant's motions to dismiss and

denied plaintiff leave to amend her complaint *instanter*. Plaintiff appeals the order dismissing her complaint as to defendant and denying her leave to amend. We affirm in part and reverse and remand in part.

On November 25, 1985, plaintiff filed a lawsuit against defendant and codefendant alleging that she sustained multiple ankle and leg fractures as a result of falling in an unnatural hole in the "public grass-covered parkway located between the sidewalk and street located near what is commonly known as 70 East 33rd Street, in the City of Chicago." On July 12, 1985, plaintiff filed a notice of claim with codefendant which stated that the site of the accident was "at or near 701 East 33rd Street, Chicago, Illinois." On January 15, 1986, codefendant filed a demand for a bill of particulars requiring a description and exact location of the area of the alleged unsafe hole referred to in the complaint. On March 19, 1986, plaintiff filed a bill of particulars, attaching photocopies of the site and a diagram of the location of the hole. Although the diagram was not drawn to scale, it stated the distances in feet and inches from fixed objects and noted the location of the hole in the parkway area on the south side of East 33rd Street, across from the nearest building, 70 East 33rd Street, which happens to be on the north side of the street. The bill of particulars also claimed that the

> "exact area cannot be stated precisely and could presumably be determined by [the City] by reference to public property documents which are within [the City's] possession or available from the County of Cook, or by land survey."

On July 3, 1989, codefendant filed a motion to dismiss plaintiff's complaint as to it because the address provided in the notice of claim was incorrect. The circuit court granted codefendant's motion and plaintiff appealed. The appellate court affirmed the circuit court on the basis that the address contained in the notice of claim was incorrect and, therefore, the notice was defective under the statute. See Ill. Rev. Stat. 1985, ch. 85, par. 8—103 (now 745 ILCS 10/8—103 (West 1992)).

Then, on October 16, 1991, defendant filed a motion to strike and dismiss plaintiff's complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992))) based on the argument that through the depositions of witness Mary Merrill and of Myles McDarrah, superintendent of operations for the Department of Sewers for the City of Chicago, it discovered that the accident did not occur at the site alleged in the complaint. After hearing argument, the circuit

court granted defendant's motion to dismiss because "near what is commonly known as 70 E. 33rd St." deficiently described the site of the alleged accident. The circuit court also denied plaintiff's request to amend the complaint *instanter*, reasoning that the proposed amendment would state a new cause of action which would be time barred by the statute of limitations. The circuit court agreed with defendant's argument that under Illinois case law, when a plaintiff pleads an incorrect address as the site where her injury occurred and subsequently amends the complaint to provide a different address as the occurrence site, the amended complaint states a new cause of action for which the doctrine of relation back pursuant to section 2—616(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992))) does not apply. Thus, the circuit court found that the doctrine of "relation back" pursuant to section 2—616(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992))) did not apply. Plaintiff appeals, arguing that the circuit court improperly dismissed her complaint or, in the alternative, erred in not allowing her to amend her complaint to allege the exact location of the accident pursuant to section 2—616(b) of the Illinois Code of Civil Procedure. Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992)).

First, plaintiff argues that the circuit court improperly dismissed her complaint on the basis that she insufficiently alleged the site of the accident in her complaint. When reviewing a motion to strike and dismiss pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992))), a reviewing court must determine whether allegations in the complaint, when viewed in a light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief can be granted. (*Benhart v. Rockford Park District* (1991), 218 Ill. App. 3d 554, 578 N.E.2d 600.) We must accept as true all well-pled facts and reasonable inferences that could be drawn therefrom. (*Doll v. Bernard* (1991), 218 Ill. App. 3d 719, 578 N.E.2d 1053.) If the complaint does not allege facts sufficient to state a cause of action, the deficiency may not be cured by liberal construction. (*Benhart*, 218 Ill. App. 3d 554, 578 N.E.2d 600.) The granting of a motion to dismiss is within the sound discretion of the trial court. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

In *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, the Illinois Supreme Court held that the location of an injury resulting from the alleged negligence in failing to maintain the premises in a

reasonably safe manner is a necessary and material element in a negligence action. (*Zeh*, 111 Ill. 2d at 275, 489 N.E.2d at 1346; see also *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 79 N.E. 596.) In the instant case, plaintiff's complaint alleged that the accident occurred on the "public grass-covered parkway located between the sidewalk and street located near what is commonly known as 70 E. 33rd St." Plaintiff argues that since there were no buildings or address markers in the immediate vicinity of the accident, the nearest numbered address should be a sufficient manner in which to plead the negligence action in her complaint. Plaintiff, however, failed to plead whether the site of the accident was on the north or south side of the street. We agree with the circuit court that plaintiff's pleading of the location of the alleged accident was deficient. Since the complaint was deficient in pleading a material element of the cause of action, namely the location of the accident, we hold that the circuit court was within its discretion to dismiss the complaint.

■ Next, plaintiff argues that the circuit court erred in not allowing her to amend the complaint. After the circuit court ruled that plaintiff had failed to sufficiently plead the location of the alleged accident, she moved pursuant to section 2—616(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992))) to amend her complaint to allege that the fall took place across the street from, as opposed to "near," the address alleged in her original complaint. The circuit court denied plaintiff's motion, ruling that the statute of limitations had run on her cause of action and that the amendment would not relate back to the date of the filing of the original complaint because the "different" address would state a "new" cause of action. We disagree.

On March 19, 1986, well within the statute of limitations for plaintiff's cause of action, plaintiff filed a bill of particulars which included a diagram, not drawn to scale, but which indicated the location of the accident by utilizing measurements in feet and inches from fixed objects. Defendant admits that it received and reviewed the diagram. We also reviewed the diagram and cannot conceive of any party being confused as to the actual site of the accident. Therefore, we find that defendant had actual notice of the site of the alleged accident.

It is undisputed that the original complaint was timely filed. Thus, the question is whether the amendment to cure the defective pleading relates back to the time of filing of the original complaint. Section 2—616(b) of the Illinois Code of Civil Procedure permits the relation back of an amended pleading to avoid a statute of limitations problem if (1) the original complaint was timely filed, and (2) the original and

amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992))); see also *Zeh*, 111 Ill. 2d at 271, 489 N.E.2d at 1344.) Defendant argues that plaintiff's proposed amendment does not relate back to her original complaint because it describes a different location. Defendant correctly cites Illinois case law which provides that if the amendment to a complaint describes a different location than that originally pled, the amended complaint sets forth a new occurrence by virtue of the changed location. (*Gillmore*, 224 Ill. at 491, 79 N.E. at 597.) Defendant argues that plaintiff's amendment would describe a different location and cites three cases to support his argument that plaintiff's amendment would not relate back. We distinguish those cases from the circumstances in the case at bar.

In *Gillmore*, plaintiff originally pled that the site of her fall was at 38th Street and Princeton Avenue. Then, plaintiff moved to amend her pleading by striking out the words "Princeton avenue" and inserting the words "Stewart avenue." (*Gillmore*, 224 Ill. at 491, 79 N.E. at 596.) Clearly, striking a street name and inserting another street name describes a totally different location as the site of the accident. Similarly, in *Zeh*, the plaintiff attempted to amend the location of her fall from 4400 South Wallace to 4400 South Lowe. The proposed amendment indicates a totally different building as the site of the alleged fall. (*Zeh*, 111 Ill. 2d at 271, 489 N.E.2d at 1343.) Finally, in *Digby v. Chicago Park District* (1992), 240 Ill. App. 3d 88, 608 N.E.2d 116, the plaintiff amended his complaint by changing the location of the site of his injury from "near the intersection of Jackson Boulevard and Throop Street" to "near the intersection of Jackson Boulevard and Laflin Street." Again, this amendment clearly changed the location of the site originally pled.

The case at bar is distinguishable from the above-cited cases. The above-cited cases changed the address to a different street or building. In the instant case, plaintiff, through her proposed amendment, seeks only to cure the deficiency in her pleadings by describing the location of the alleged accident more precisely and specifically. Plaintiff's amended complaint would not change the allegation of the site of the accident from one location to a totally different location. The problem plaintiff was faced with in drafting her original pleadings was that there was no building on the side of the street on which the accident took place. Plaintiff, therefore, referred to the "nearest" building. The original and the proposed amended pleading indicate

that the cause of action asserted in the amended pleading grew out of the same occurrence set up in the original complaint pursuant to the requirements of section 2—616(b). (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992)).) Although plaintiff's complaint was deficient enough to justify its dismissal, we find that the circuit court abused its discretion in denying plaintiff's motion to amend the complaint. Therefore, we reverse the circuit court's denial of plaintiff's motion to amend and remand this cause with instructions that plaintiff be allowed to amend her complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part and remanded with instructions.

Affirmed in part; reversed in part and remanded with instructions.

CAMPBELL and O'CONNOR, JJ., concur.